UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| PILOT, United States Coast Guard, LIEUTENANT, United States Coast Guard, LCDR PILOT, United States Coast Guard, for themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LLOYD AUSTIN, in his official capacity as Secretary of the United States Department of Defense, *et al.*,<br><br>Defendants. | No. 8:22-cv-1278-SDM-TGW |

**PLAINTIFFS' MOTION TO AMEND ORDER OF DISMISSAL
AND FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiffs, pursuant to Rules 15(a) and 59(e), Fed. R. Civ. P., and Local Rule 3.01, move the Court for leave to file the attached proposed amended complaint to add properly venued Plaintiffs and a necessary Defendant. In support thereof, Plaintiffs show unto the Court as follows:

**MEMORANDUM OF LAW**

**I.   INTRODUCTION.**

On June 2, 2022, the Court entered an Order (Doc. 194, the "Severance Order") severing the claims in *Navy SEAL 1 v. Austin*, No. 8:21-cv-2429-SDM-TGW, into several separate actions by military branch, including this action (the Coast Guard action). The Court ordered this action "**STAYED** and **ADMINISTRATIVELY CLOSED** pending an amendment of the complaint to present a ripe claim for relief by

a service member in the Coast Guard for whom venue is proper." (Doc. 194 at 10.) On July 5, there being no "motion to amend the complaint to cure the improper venue," the Court entered an Order dismissing the action "**WITHOUT PREJUDICE** for improper venue." (Doc. 195, the "Dismissal Order.") While Plaintiffs were properly venued in this Court at the commencement of the *Navy SEAL 1* action, their severance from the original action left them with no independently Tampa-venued Plaintiff in this Coast Guard action.

The attached proposed Third Amended Verified Class Action Complaint, if filed, would "cure the improper venue" and allow Plaintiffs to continue what they began in the original *Navy SEAL 1* action. The four proposed new Plaintiffs are Coast Guard servicemembers properly venued in this Court who just received final denials of their religious accommodation appeals in May, and whose claims are otherwise identical to the Coast Guard claims in the original action.[1] The proposed new Defendant has operational control over the Coast Guard as its highest ranking officer, and therefore already has notice of Plaintiffs' claims and is necessarily involved in the Coast Guard's defense.[2] Under these circumstances, leave to amend should be liberally granted, and no prejudice to Defendants justifies denial of leave.

---

[1] The proposed amended complaint drops Plaintiff LIEUTENANT because she has been finally separated from the Coast Guard and can no longer represent the class in seeking prospective injunctive relief.

[2] The Court's Severance Order directed the clerk to docket this action against both Defense Secretary Austin and Homeland Security Secretary Mayorkas (Doc. 194 at 10), but the docket only lists Secretary Austin as a defendant. Plaintiffs' proposed amended complaint includes Secretary Mayorkas, in accordance with the Severance

## II. ARGUMENT.

### A. Leave to Amend Should Be Liberally Granted.

"After a *complaint* is dismissed . . . the plaintiff . . . may still move the court for leave to amend [under Rule 15(a)], and such amendments should be granted liberally." *Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO*, 724 F.2d 1552, 1556 (11th Cir. 1984) (emphasis added). "The plaintiff may also move for relief under Rules 59(e) or 60(b) on the basis of proposed amendments even after the *action* is dismissed and final judgment is entered." *Id.* (emphasis added) (footnotes omitted); *see also Chames v. Calhoun Cnty. Comm.*, No. 21-11651, 2022 WL 1217652, at *4 n.5 (11th Cir. Apr. 26, 2022) (same). The Rule 15(a) liberality standard still applies, however, even if a plaintiff is required to seek leave to amend under Rules 59(e) or 60(b) because the action was dismissed. *Kurimski v. Shell Oil Co.*, No. 21-80727-CV-MIDDLEBROOKS/Matthewman, 2022 WL 2346364, at *2 (S.D. Fla. Jan. 19, 2022) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n.1 (5th Cir. 1981); *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988)).

In this case, the Court dismissed the action, without prejudice, and ordered the clerk to close the case. (Dismissal Order, Doc. 195, at 2.) And although the Court did not enter judgment, the dismissal of the action without prejudice and case closure made the order final, and equivalent to a "judgment" for purposes of Rule 59(e). *See*

---

Order, and joins as a defendant Admiral Linda Fagan, Commandant of the Coast Guard and next in the Coast Guard chain of command after Secretary Mayorkas.

3

*Solis v. CitiMortgage, Inc.*, 700 Fed. App'x 965, 968 (11th Cir. 2017) (citing *Czeremcha*, 724 F.2d at 1554–55 & n.4). But whether the dismissal requires Plaintiffs to seek leave to amend under Rule 15(a) or 59(e), the same liberality standard of Rule 15(a) applies.[3] *See Kurimski*, 2022 WL 2346364, at *2.

Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." Under this standard, "[l]eave to amend should be liberally granted when necessary in the interest of justice." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999). The Supreme Court emphasizes that "this mandate is to be heeded," *Foman v. Davis*, 371 U.S. 178, 182 (1962), and that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* "Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Dussouy*, 660 F.2d at 598; *Burger King*, 169 F.3d at 1319 (same).

### B. No Delay or Bad Faith by Plaintiffs or Prejudice to Defendants Justifies Denial of Leave to Amend.

The "substantial reason[s]" that could justify the Court's denying leave to amend are limited, and generally include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

---

[3] The case precedents show no reason why the Rule 15(a) standard would not also apply if Plaintiffs were required to move for leave to amend under Rule 60(b) (seeking "relief" from the Dismissal Order), instead of under Rule 59(e) (seeking "alter[ation] or amend[ment]" of the Dismissal Order).

4

previously allowed, undue prejudice to the opposing party [and] futility." *Forman*, 371 U.S. at 182; *see also In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014) (same). No such factors are present here.

Plaintiffs seek leave less than two months after the Severance Order and just three weeks after the Dismissal Order, and before any discovery or other proceedings have occurred in this action. This timing cannot be called undue delay or dilatory tactics. *See, e.g.*, *Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F.3d 1171, 1186 (11th Cir. 2013) ("district court may find undue delay when the movant knew of facts supporting the new claim long before the movant requested leave to amend"). Moreover, Plaintiffs cannot be charged with repeated failure to cure alleged deficiencies. Both the Severance Order (Doc. 194 at 10) and the Dismissal Order (Doc. 195 at 1) contemplate cure of Plaintiffs' venue problem by amendment of their complaint. This motion and the attached proposed amended complaint comprise Plaintiffs' first attempt to cure improper venue, and should be accepted by the Court. *See, e.g., Bryant v. Dupree*, 252 F.3d 1161, 1164 (11th Cir. 2001); *Bamert v. Pulte Home Corp.*, No. 6:08-cv-2120-Orl-22GJK, 2012 WL 3292875, at *2 (M.D. Fla. Aug. 10, 2012) ("Since Plaintiffs have only amended the complaint once as a matter of course, a further opportunity to amend is appropriate." (citing *Bryant*, 252 F.3d at 1163–64)); *Rivera v. Avis Budget Car Rental, LLC*, No. 8:11-cv-1676-T-33EAJ, 2011 WL 6840946, at *2 (M.D. Fla. Dec. 29, 2011) (same).

5

Finally, amendment will not unduly prejudice Defendants. As the Eleventh Circuit has recognized, "[a]ny amendment to an original pleading necessarily involves *some* additional expense to the opposing party," but such nominal prejudice "constitute[s] anything but a substantial reason to deny leave to amend." *Loggerhead Turtle v. Cnty. Council of Volusia Cnty.*, 148 F.3d 1231, 1257 (11th Cir. 1998). Indeed, "[m]ere inconvenience to a party does not constitute undue prejudice because 'there is invariably some practical prejudice resulting from an amendment.'" *Jones v. Mercure*, No. 1:13-cv-03946-WSD, 2015 WL 847467, at *3 (N.D. Ga. Feb. 25, 2015) (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)); *see also Bryant*, 252 F.3d 1161, 1165 (11th Cir. 2001) (holding "mere passage of time" insufficient prejudice to defendants to justify denial of leave to amend). Prejudice to the non-moving party is "typically found if the amendment (1) results in significant expense in conducting additional discovery or preparing for trial, (2) deprives the non-moving party of the ability to assert a claim or a defense, or (3) significantly delays the resolution of the dispute." *Jones*, 2015 WL 847467, at *3. Prejudice can also be found "when an amended complaint significantly changes a plaintiff's theory of recovery." *Bailey v. City of Douglasville*, No. 1:13-CV-00941-RWS-ECS, 2014 WL 12634308, at *4 (N.D. Ga. Feb. 14, 2014).

Plaintiffs' proposed amendment does not implicate any category of prejudice to Defendants. Plaintiffs seek to join Coast Guard Plaintiffs venued in this district with ripe claims for relief which are otherwise identical to the claims already pleaded, and

to join a necessary Defendant who, by virtue of her position atop the Coast Guard chain of command, is already involved in the litigation. There is no change of theory or introduction of new claims which could cause significant additional discovery expense or deprive Defendants of any ability to mount a defense, and amendment will not significantly delay resolution of the dispute. To be sure, the Court expressly contemplated an amendment to cure improper venue in its Severance Order less than two months ago and should accept the proposed amendment now.

## CONCLUSION

For the foregoing reasons, the Court should give Plaintiffs' relief from the Dismissal Order as may be necessary to grant Plaintiffs leave to file the attached proposed Third Amended Verified Class Action Complaint for Preliminary and Permanent Injunctive Relief, Declaratory Relief, and Damages.

**Local Rule 3.01(g) Certification**

Prior to filing this motion, Plaintiffs' undersigned counsel conferred with Defendants' counsel by e-mail and telephone. Defendants' counsel advised that Defendants will not state a position on the motion without first seeing Plaintiffs' proposed amended complaint, which is filed herewith. Plaintiffs will notify the Court immediately if Defendants indicate consent to the motion after filing.

/s/ Daniel J. Schmid
Mathew D. Staver
Horatio G. Mihet
Roger K. Gannam
Daniel J. Schmid*
Richard L. Mast*
Liberty Counsel
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
court@lc.org
hmihet@lc.org
rgannam@lc.org
dschmid@lc.org
rmast@lc.org
*Admitted specially
*Attorneys for Plaintiffs*