**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| **PILOT,** United States Coast Guard, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **LLOYD AUSTIN,** in his official capacity as Secretary of the United States Department of Defense, *et al.*, <br><br> Defendants. | Case No. 8:22-cv-1278 (SDM/TGW) |

**DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT**

**TABLE OF CONTENTS**

BACKGROUND.................................................................................2

I.    The Coast Guard's Implementation of the COVID-19 Vaccination Directive ........................................................................ 2

II.   Other Litigation Regarding the Military's Vaccination Requirement......... 5

III.  This Action...................................................................... 6

LEGAL STANDARDS ........................................................................8

ARGUMENT ..................................................................................9

I.    The Court should dismiss Plaintiffs' claim under 21 U.S.C. § 360bbb-3 and 10 U.S.C. §§ 1107, 1107a (Count I)............................................. 9

    A.   Plaintiffs' claim under 21 U.S.C. § 360bbb-3 and 10 U.S.C. §§ 1107, 1107a are moot. ........................................................... 9

    B.   Neither 21 U.S.C. § 360bbb-3 nor 10 U.S.C. §§ 1107, 1107a waive the United States' sovereign immunity or provide Plaintiffs with a private right of action............................................................ 11

    C.   Plaintiffs have not plausibly alleged a violation of 21 U.S.C. § 360bbb-3 or 10 U.S.C. §§ 1107, 1107a. ........................................ 13

    D.   The Court lacks jurisdiction over a challenge to the emergency declaration or EUA. ............................................................ 15

II.   Plaintiffs' RFRA and First Amendment Claims Are Not Ripe or Administratively Exhausted (Counts II and III). ................................ 16

III.  Venue and Joinder of Plaintiffs' Claims Is Improper........................... 21

CONCLUSION...............................................................................23

# TABLE OF AUTHORITIES

## CASES

*Abbott v. Biden,*
   --- F. Supp. 3d ---, 2022 WL 2287547 (E.D. Tex. June 24, 2022), *appeal filed,*
   No. 22-40399 (5th Cir. June 29, 2022) ............................................................... 5

*Action All. of Senior Citizens v. Heckler,*
   789 F.2d 931 (D.C. Cir. 1986) ..................................................................... 16

*Air Force Off. v. Austin,*
   --- F. Supp. 3d ---, 2022 WL 468799 (M.D. Ga. Feb. 15, 2022) ............................ 5

*Aktepe v. United States,*
   105 F.3d 1400 (11th Cir. 1997) .................................................................... 9

*Alexander v. Sandoval,*
   532 U.S. 275 (2001) ................................................................................ 11

*Already, LLC v. Nike, Inc.,*
   568 U.S. 85 (2013) .................................................................................. 10

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) .............................................................................. 8, 9

*Ass'n of Am. Physicians & Surgeons v. U.S. Food & Drug Admin.,*
   No. 20-1784, 2020 WL 5745974 (6th Cir. Sept. 24, 2020) ............................ 13, 15

*Austin v. U.S. Navy SEALs 1–26,*
   142 S. Ct. 1301 (2022) .......................................................................... 6, 20

*Bailey v. Johnson,*
   48 F.3d 965 (6th Cir. 1995) ...................................................................... 12

*Barber v. Am.'s Wholesale Lender,*
   289 F.R.D. 364 (M.D. Fla. 2013) ............................................................... 22

*Bishop v. Reno,*
   210 F.3d 1295 (11th Cir. 2000) ................................................................... 8

*Bridges v. Hous. Methodist Hosp.*,
   543 F. Supp. 3d 525 (S.D. Tex. 2021), *aff'd*, 2022 WL 2116213 (5th Cir.
   June 13, 2022) .......................................................................................... 12

*Cheffer v. Reno*,
   55 F.3d 1517 (11th Cir. 1995) .................................................................... 16

*Church v. Biden*,
   573 F. Supp. 3d 118 (D.D.C. 2021) ....................................................... 5, 19

*Coal. for Mercury-Free Drugs v. Sebelius*,
   671 F.3d 1275 (D.C. Cir. 2012) ................................................................. 10

*Corbett v. Transp. Sec. Admin.*,
   930 F.3d 1225 (11th Cir. 2019) ............................................................... 8, 15

*Creaghan v. Austin*,
   --- F. Supp. 3d ---, 2022 WL 1500544 (D.D.C. May 12, 2022), *appeal filed*,
   No. 22-5135 (D.C. Cir. May 20, 2022) ........................................................ 5

*Dep't of Navy v. Egan*,
   484 U.S. 518 (1988) ................................................................................... 20

*Digital Props., Inc. v. City of Plantation*,
   121 F.3d 586 (11th Cir. 1997) .............................................................. 16, 19

*Doe #1-#14 v. Austin*,
   572 F. Supp. 3d 1224 (N.D. Fla. 2021) ........................................................ 5

*Doe v. Ball*,
   725 F. Supp. 1210 (M.D. Fla. 1989), *aff'd sub nom. Doe v. Garrett*, 903 F.2d
   1455 (11th Cir. 1990) ................................................................................. 20

*Doe v. Franklin Square Union Free Sch. Dist.*,
   568 F. Supp. 3d 270 (E.D.N.Y. 2021), *appeal withdrawn*, 2022 WL 1316221
   (2d Cir. Mar.17, 2022) ............................................................................... 12

*Doe v. Rumsfeld*,
   297 F. Supp. 2d 119 (D.D.C. 2003) ........................................................... 13

*Donohue v. Hochul*,
   No. 21-CV-8463, 2022 WL 673636 (S.D.N.Y. Mar. 7, 2022), *appeal filed*,
   No. 22-517 (2d Cir. Mar. 11, 2022) ............................................................ 12

*Doster v. Kendall,*
  --- F. Supp. 3d ---, 2022 WL 982299 (S.D. Ohio Mar. 31, 2022) ..................... 5, 6

*Doster v. Kendall,*
  No. 1:22-cv-84, 2022 WL 2974733 (S.D. Ohio July 27, 2022) ........................... 6

*Dunn v. Austin,*
  142 S. Ct. 1707 (2022) ...................................................................................... 5

*Ethredge v. Hail,*
  56 F.3d 1324 (11th Cir. 1995) ......................................................................... 9

*Fed. Deposit Ins. Corp. v. Meyer,*
  510 U.S. 471 (1994) ....................................................................................... 11

*Fed. Trade Comm'n v. On Point Cap. Partners LLC,*
  17 F.4th 1066 (11th Cir. 2021) ..................................................................... 10

*Frame v. United States,*
  No. 4:09-CV-458, 2010 WL 883804 (N.D. Fla. Mar. 5, 2010) ......................... 19

*Gardner v. Mutz,*
  962 F.3d 1329 (11th Cir. 2020) ..................................................................... 20

*Garfield v. Middle Tenn. State Univ.,*
  No. 3:21-cv-00613, 2021 WL 5770877 (M.D. Tenn. Dec. 6, 2021) .................. 12

*Gilligan v. Morgan,*
  413 U.S. 1 (1973) ..................................................................................... 9, 20

*Goldman v. Weinberger,*
  475 U.S. 503 (1986) ....................................................................................... 9

*Guettlein v. U.S. Merch. Marine Acad.,*
  577 F. Supp. 3d 96 (E.D.N.Y. 2021) ............................................................... 5

*Guilfoyle v. Beutner,*
  No. 2:21-cv-05009, 2021 WL 4594780 (C.D. Cal. Sept. 14, 2021) .................. 12

*Hodges v. Callaway,*
  499 F.2d 417 (5th Cir. 1974) .................................................................... 17, 20

*Honig v. Students of Cal. Sch. for the Blind*,
    471 U.S. 148 (1985) ...................................................................................... 11

*Johnson v. Brown*,
    567 F. Supp. 3d 1230 (D. Or. 2021) ............................................................ 14

*Knick v. Austin*,
    No. 22-1267, 2022 WL 2157066 (D.D.C. June 15, 2022) .............................. 5, 18

*Langston v. Tex. Cap. Bank, Nat'l Ass'n*,
    No. 8:20-cv-2954, 2021 WL 698171 (M.D. Fla. Feb. 23, 2021) ........................ 8

*Leicht v. McHugh*,
    No. 13-60015, 2013 WL 11971266 (S.D. Fla. May 24, 2013) .......................... 17

*Lindenau v. Alexander*,
    663 F.2d 68 (10th Cir. 1981) ......................................................................... 9

*Loreto v. Proctor & Gamble Co.*,
    515 F. App'x 576 (6th Cir. 2013) ................................................................ 12

*Love v. Delta Air Lines*,
    310 F.3d 1347 (11th Cir. 2002) .................................................................. 11

*Mark Short v. Berger*,
    No. 22-cv-1151, 2022 WL 1051852 (C.D. Cal. Mar. 3, 2022), *appeal dismissed,*
    2022 WL 2421096 (9th Cir. May 17, 2022) .............................................. 5, 18

*Mazares v. Dep't of Navy*,
    302 F.3d 1382 (Fed. Cir. 2002) .................................................................... 9

*Miller v. Austin*,
    --- F. Supp. 3d ---, 2022 WL 3584666 (D. Wyo. Aug. 22, 2022) ........................ 5

*Mindes v. Seaman*,
    453 F.2d 197 (5th Cir. 1971) ....................................................................... 17

*Navy SEAL 1 v. Austin*,
    --- F. Supp. 3d ----, 2022 WL 1294486 (D.D.C. Apr. 29, 2022), *appeal filed,*
    No. 22-5114 (D.C. Cir. May 5, 2022) ...................................................... 5, 20

*Navy SEAL 1 v. Biden*,
    574 F. Supp. 3d 1124 (M.D. Fla. 2021) ........................................ 12, 14, 15, 19

v

*Navy SEAL 1 v. Biden*,
   No. 8:21-cv-2429, 2022 WL 483832 (M.D. Fla. Feb. 2, 2022) ........................... 5

*Neitzke v. Williams*,
   490 U.S. 319 (1989) ..................................................................................... 8

*Norris v. Stanley*,
   558 F. Supp. 3d 556 (W.D. Mich. 2021) ..................................................... 10

*Oklahoma v. Biden*,
   577 F. Supp. 3d 1245 (W.D. Okla. 2021) ..................................................... 5

*Orloff v. Willoughby*,
   345 U.S. 83 (1953) ..................................................................................... 20

*Overton Power Dist. No 5 v. O'Leary*,
   73 F.3d 253 (9th Cir. 1996) ....................................................................... 12

*PDK Labs, Inc. v. Friedlander*,
   103 F.3d 1105 (2d Cir. 1997) ..................................................................... 12

*Poffenbarger v. Kendall*,
   --- F. Supp. 3d ----, 2022 WL 594810 (S.D. Ohio Feb. 28, 2022), *appeal dismissed*,
   2022 WL 3029325 (6th Cir. June 30, 2022) ................................................... 5

*Prison Legal News v. FBI*,
   944 F.3d 868 (10th Cir. 2019) ................................................................... 11

*Rau v. Moats*,
   772 F. App'x 814 (11th Cir. 2019) ............................................................. 11

*Robert v. Austin*,
   No. 21-cv-2228, 2022 WL 103374 (D. Colo. Jan. 11, 2022), *appeal filed*,
   No. 22-1032 (10th Cir. Feb. 2, 2022) ............................................................ 5

*Roberts v. Roth*,
   --- F. Supp. 3d ---, 2022 WL 834148 (D.D.C. Mar. 21, 2022) ...................... 4, 18

*Rostker v. Goldberg*,
   453 U.S. 57 (1981) ....................................................................................... 9

*Roth v. Austin*,
   --- F. Supp. 3d ---, 2022 WL 1568830 (D. Neb. May 18, 2022), *appeal filed*,
   No. 22-2058 (8th Cir. May 20, 2022) ............................................................ 5

*Schlesinger v. Councilman*,
   420 U.S. 738 (1975) ................................................................................. 19

*Smith v. Dalton*,
   927 F. Supp. 1 (D.D.C. 1996) .................................................................... 21

*Soliman v. United States ex rel. INS*,
   296 F.3d 1237 (11th Cir. 2002) ................................................................. 11

*Solorio v. United States*,
   483 U.S. 435 (1987) ................................................................................... 9

*Thomas Short v. Berger*,
   --- F. Supp. 3d ---, 2022 WL 1203876 (D. Ariz. Apr. 22, 2022), *appeal filed*,
   No. 22-15755 (9th Cir. May 18, 2022)................................................... 5, 19, 20

*Torres v. Bank of Am., N.A.*,
   No. 8:17-cv-1534, 2017 WL 10398671 (M.D. Fla. Oct. 6, 2017)...................... 22

*Troiano v. Supervisor of Elections in Palm Beach Cnty.*,
   382 F.3d 1276 (11th Cir. 2004) ................................................................. 10

*U.S. Navy SEALs 1–26 v. Biden*,
   578 F. Supp. 3d 822 (N.D. Tex. 2022) ........................................................... 5

*U.S. Navy SEALs 1–26 v. Austin*,
   --- F. Supp. 3d ---, 2022 WL 1025144 (N.D. Tex. Mar. 28, 2022), *appeal filed*,
   No. 22-10534 (5th Cir. May 31, 2022)........................................................... 6

*Valdez v. Grisham*,
   559 F. Supp. 3d 1161 (D.N.M. 2021), *aff'd*, 2022 WL 2129071 (10th Cir. June
   14, 2022)................................................................................................ 14

*Vance v. Wormuth*,
   No. 3:21-cv-730, 2022 WL 1094665 (W.D. Ky. Apr. 12, 2022) ..................... 5, 19

*Vince v. Mabus*,
   956 F. Supp. 2d 83 (D.D.C. 2013) .............................................................. 21

*Von Hoffburg v. Alexander,*
    615 F.2d 633 (5th Cir. 1980)................................................................... 17, 20

*Walters v. BMW of N. Am.,*
    No. 8:18-cv-02875, 2019 WL 6251366 (M.D. Fla. Nov. 22, 2019) ................... 22

*Webster v. Mattis,*
    279 F. Supp. 3d 14 (D.D.C. 2017) ............................................................. 21

*Wigand v. W. City Partners, Inc.,*
    No. 07-61492, 2008 WL 384394 (S.D. Fla. Feb. 11, 2008)............................. 22

*Winck v. England,*
    327 F.3d 1296 (11th Cir. 2003), *abrogated on other grounds as recognized in*
    *Santiago-Lugo v. Warden,* 785 F.3d 467 (11th Cir. 2015) ........................ 16, 17, 20

*Zelaya v. United States,*
    781 F.3d 1315 (11th Cir. 2015) .................................................................. 11

## STATUTES

5 U.S.C. § 701.......................................................................................... 12, 13, 15

10 U.S.C. § 113 ............................................................................................... 13

10 U.S.C. § 1071 ............................................................................................. 12

10 U.S.C. § 1107 .................................................................................... *passim*

10 U.S.C. § 1107a .................................................................................. *passim*

10 U.S.C. § 7013 ............................................................................................. 13

10 U.S.C. § 8013 ............................................................................................. 13

10 U.S.C. § 9013 ............................................................................................. 13

21 U.S.C. § 337................................................................................................ 12

21 U.S.C. § 355 ............................................................................................... 13

21 U.S.C. § 360bbb-3 ............................................................................. *passim*

28 U.S.C. § 1391 ............................................................................................. 21

42 U.S.C. § 2000bb-1 ...................................................................7

National Defense Authorization Act For Fiscal Year 2022,
     Pub. L. No. 117-81, 135 Stat. 1541 (2021) .....................................4

**RULES**

Fed. R. Civ. P. 12...................................................................8

**REGULATIONS**

Determination of Public Health Emergency,
     85 Fed. Reg. 7316 (Feb. 7, 2020). ............................................ 16

Emergency Use Authorization Declaration,
     85 Fed. Reg. 18,250 (Apr. 1, 2020) ........................................... 16

**OTHER AUTHORITIES**

14D Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 3815
     (4th ed. 2022)................................................................ 21

CG COMDTINST M1000.4, *Military Separations* (Aug. 2018), Art. 1.B.36.h,
     https://perma.cc/PQW4-K38G ...................................................4

CG COMDTINST M6230.4G, *Immunizations and Chemoprophylaxis for the
     Prevention of Infectious Diseases* (Feb. 16, 2018),
     https://perma.cc/82YE-EA3U ...................................................3

FDA, COVID-19 Vaccines (Oct. 29, 2021),
     https://perma.cc/5FWS-RJ5L................................................... 16

Sec'y of Def. Mem. (Aug. 9, 2021),
     https://perma.cc/S4R3-2VZW .................................................. 10

Sec'y of Def. Mem. (Aug. 24, 2021),
     https://perma.cc/N759-S758.................................................. 13

In their Third Amended Complaint, six Plaintiffs in the United States Coast Guard claim that the Department of Defense's ("DoD") COVID-19 vaccination directive violates the Federal Food, Drug, and Cosmetics Act ("FDCA"), 21 U.S.C. § 360bbb-3, and 10 U.S.C. §§ 1107 and 1107a, and additionally raise religious objections to the vaccination directive. Plaintiffs' claims should be dismissed.

*First*, Plaintiffs' claim that DoD's directive violates § 360bbb-3 and §§ 1107 and 1107a because it requires service members to take a COVID-19 vaccine authorized only for emergency use fails for several reasons. As an initial matter, this claim is moot: the FDA-approved Comirnaty vaccine is now available in the United States and has been offered to each Plaintiff. Additionally, the statutory provisions that Plaintiffs invoke do not waive the United States' sovereign immunity nor do they provide a private right of action. And aside from these threshold defects, Plaintiffs have not stated a plausible claim because DoD's COVID-19 vaccination requirement does not implicate § 360bbb-3 or §§ 1107, 1107a; rather, DoD requires service members to receive only COVID-19 vaccines that have received full licensing approval, and those statutory provisions impose certain notice requirements applicable to products authorized only under an EUA.

*Second,* Plaintiffs' claims under the Religious Freedom Restoration Act ("RFRA") and the First Amendment should also be dismissed because they are not ripe and have not been administratively exhausted.  Plaintiffs acknowledge that they face only potential separation as a consequence for failing to vaccinate and that they have not in fact suffered any such separation as a cognizable injury. Because significant

additional military procedures remain for those Plaintiffs to contest separation, their RFRA and First Amendment claims are not suited for judicial review at this point, as numerous courts across the country have concluded.

*Finally*, venue and joinder of all Plaintiffs is not proper. Although four Plaintiffs claim domicile in this district, their participation does not justify joinder of the remaining two who claim no connection to this district. Rather, as another court in this district concluded under similar circumstances, the necessary individualized resolution of the claims Plaintiffs assert requires a separate analysis, different proof, and different witnesses located across the country. Thus, to the extent the Court does not dismiss all the claims for the reasons discussed in greater detail below, it should sever and dismiss without prejudice the claims of Plaintiffs who do not reside in the Middle District of Florida.

## BACKGROUND

In prior briefing in this matter, Defendants provided background regarding the COVID-19 pandemic, the Food and Drug Administration's ("FDA") regulation of and guidance concerning COVID-19 vaccines, and DoD's COVID-19 vaccination directive. Defendants respectfully refer the Court to that pertinent background. *See* ECF No. 23 at 2–6.

**I.    The Coast Guard's Implementation of the COVID-19 Vaccination Directive**

Shortly after the Secretary of Defense issued his COVID-19 vaccine directive, the Coast Guard issued its initial implementing guidance, directing all active-duty and Ready Reserve members to become fully vaccinated against COVID-19 and including

2

processes for seeking exemptions. *See* Decl. of Rear Admiral Eric C. Jones ¶ 4; CG COMDTINST M6230.4G, *Immunizations and Chemoprophylaxis for the Prevention of Infectious Diseases* (Feb. 16, 2018), ch. 2-6, https://perma.cc/82YE-EA3U; *see generally* Decl. of Lieutenant Commander Joel A. Aber (describing reasons supporting Coast Guard's vaccination directives).

*Exemptions.* As with other vaccination requirements, Coast Guard guidance establishes processes for granting medical, administrative, and religious exemptions from its COVID-19 vaccination requirement. Service members are not required to receive a COVID-19 vaccine if they have been granted an exemption or have an exemption request or appeal pending. Jones Decl. ¶ 44. Service members may be granted a medical exemption if, for example, they currently have COVID-19, are pregnant, or are allergic to an ingredient in the vaccine. *Id.* ¶¶ 14, 17. Service members who are retiring or separating from military service no later than October 1, 2022, may be granted an administrative exemption. *Id.* ¶ 20. Service members also may seek a religious accommodation by submitting a written request to the appropriate approval authority. *Id.* ¶ 21. Religious accommodation requests (or "RARs") undergo a multi-stage review process before the approval authority makes a final decision whether to approve or deny the request. *Id.* ¶¶ 22–34. If a request is denied, the service member may appeal to the Coast Guard's final appellate authority, who renders a final decision on the RAR. *Id.* ¶ 35.

*Refusal to vaccinate.* If an exemption request is ultimately disapproved and the service member refuses to comply with his or her command's order to receive the

COVID-19 vaccine, commanders may take a variety of administrative and disciplinary actions. *Id.* ¶¶ 38–39. Active-duty service members who refuse to comply with the COVID-19 vaccination requirement, absent an exemption, will be subject to initiation of administrative discharge proceedings. *Id.* ¶ 39. The administrative discharge process and may result in the service member being retained, and the length of the process varies dependent on several factors including status, *e.g.*, for the three officer plaintiffs, the process would take at least six to nine months. *Id.* ¶ 42. The decision to discharge a service member is not final until the final discharge order is issued—until that point, the separation authority is not required to follow any discharge recommendation. *See Roberts v. Roth*, --- F. Supp. 3d ---, 2022 WL 834148, at *4 (D.D.C. Mar. 21, 2022). In addition, under the National Defense Authorization Act for Fiscal Year 2022—and absent other misconduct—a service member who is discharged for refusing to receive the COVID-19 vaccine will receive either an Honorable Discharge or Under Honorable Conditions (General) Discharge. Pub. L. No. 117-81 § 736(a), 135 Stat. 1541, 1800 (2021).

Even if a service member is discharged at the conclusion of the administrative proceedings, further military remedies remain available to them. The member may, for instance, appeal the characterization of his discharge to a Discharge Review Board, which has the authority to review administrative discharges. CG COMDTINST M1000.4, *Military Separations* (Aug. 2018), Art. 1.B.36.h, https://perma.cc/PQW4-K38G. The member may also request correction of his military record through the Board for Correction of Military Records. *Id.*

4

## II.   Other Litigation Regarding the Military's Vaccination Requirement

In addition to this case, there have been numerous other challenges to the military's vaccination requirement brought in district courts across the country. At least fifteen other courts have either rejected similar arguments for preliminary injunctive relief against the military or dismissed the service members' claims entirely, including this Court.[1] Moreover, in *Dunn*, where the district court denied the preliminary-injunction motion, the Supreme Court denied the member's application for an injunction pending appeal. *Dunn v. Austin*, 142 S. Ct. 1707 (2022).

Six courts, including this one, have preliminarily enjoined DoD and the respective service from applying COVID-19 vaccination requirements or taking adverse action against plaintiffs in those cases.[2] The government respectfully disagrees

---

[1] *See Miller v. Austin*, --- F. Supp. 3d ---, 2022 WL 3584666 (D. Wyo. Aug. 22, 2022); *Knick v. Austin*, No. 22-1267, 2022 WL 2157066 (D.D.C. June 15, 2022); *Robert v. Austin*, No. 21-cv-2228, 2022 WL 103374 (D. Colo. Jan. 11, 2022), *appeal filed*, No. 22-1032 (10th Cir. Feb. 2, 2022); *Church v. Biden*, 573 F. Supp. 3d 118 (D.D.C. 2021); *Navy SEAL 1 v. Austin*, --- F. Supp. 3d ----, 2022 WL 1294486 (D.D.C. Apr. 29, 2022), *appeal filed*, No. 22-5114 (D.C. Cir. May 5, 2022); *Creaghan v. Austin*, --- F. Supp. 3d ---, 2022 WL 1500544 (D.D.C. May 12, 2022), *appeal filed*, No. 22-5135 (D.C. Cir. May 20, 2022); *Thomas Short v. Berger*, --- F. Supp. 3d ---, 2022 WL 1203876 (D. Ariz. Apr. 22, 2022), *appeal filed*, No. 22-15755 (9th Cir. May 18, 2022); *Vance v. Wormuth*, No. 3:21-cv-730, 2022 WL 1094665 (W.D. Ky. Apr. 12, 2022); *Mark Short v. Berger*, No. 22-cv-1151, 2022 WL 1051852 (C.D. Cal. Mar. 3, 2022), *appeal dismissed,* 2022 WL 2421096 (9th Cir. May 17, 2022); *Roth v. Austin*, --- F. Supp. 3d ---, 2022 WL 1568830 (D. Neb. May 18, 2022), *appeal filed*, No. 22-2058 (8th Cir. May 20, 2022); *Dunn v. Austin*, No. 2:22-cv-288, ECF No. 16 (E.D. Cal. Feb. 22, 2022); *Doe #1-#14 v. Austin*, 572 F. Supp. 3d 1224 (N.D. Fla. 2021); *Abbott v. Biden*, --- F. Supp. 3d ---, 2022 WL 2287547 (E.D. Tex. June 24, 2022), *appeal filed*, No. 22-40399 (5th Cir. June 29, 2022); *Oklahoma v. Biden*, 577 F. Supp. 3d 1245 (W.D. Okla. 2021); *Guettlein v. U.S. Merch. Marine Acad.*, 577 F. Supp. 3d 96 (E.D.N.Y. 2021).

[2] *See Navy SEAL 1 v. Biden*, No. 8:21-cv-2429, 2022 WL 483832 (M.D. Fla. Feb. 2, 2022); Order, *Col. Fin. Mgmt. Off. v. Austin*, No. 8:22-cv-01275, ECF No. 229 (M.D. Fla. Aug. 18, 2022) (enjoining the Marine Corps after separating the case from *Navy SEAL 1* and creating a new case number); *U.S. Navy SEALs 1–26 v. Biden*, 578 F. Supp. 3d 822 (N.D. Tex. 2022); *Air Force Off. v. Austin*, --- F. Supp. 3d ---, 2022 WL 468799 (M.D. Ga. Feb. 15, 2022); *Poffenbarger v. Kendall*, --- F. Supp. 3d ----, 2022 WL 594810 (S.D. Ohio Feb. 28, 2022), *appeal dismissed,* 2022 WL 3029325 (6th Cir. June 30, 2022); *Doster v. Kendall*, --- F. Supp. 3d ---, 2022 WL 982299 (S.D. Ohio Mar. 31, 2022).

with those decisions and has taken an appeal from four of them, including two of this Court's injunctions.[3] In *Austin v. U.S. Navy SEALs 1–26*, the Supreme Court granted the government's application for a partial stay of the district court's injunction. 142 S. Ct. 1301, 1301 (2022). Similarly, in *Navy SEAL 1*, the Eleventh Circuit stayed the district court's injunction pending appeal "insofar as it precludes the Navy from considering the plaintiffs' vaccination status in making deployment, assignment, and other operational decisions." Order at 3, *Navy SEAL 1 v. Sec'y of the U.S. Dep't of Def.,* No. 22-10645 (11th Cir. Mar. 30, 2022).

## III.   This Action

In October 2021, a group of military service members, federal employees, and federal contractors filed this lawsuit to challenge three separate federal COVID-19 vaccination requirements.[4] Several months later, after the pleadings were amended,[5] the Court severed the claims of the civilian plaintiffs from those of the service member plaintiffs and ordered that a new pleading be filed "on behalf of the service members only."[6] Soon thereafter, 32 members serving across the Armed Services filed a second amended complaint,[7] collectively asserting claims that the Court later severed

---

[3] The district courts in *Navy SEALs 1-26* and *Doster* subsequently entered class-wide preliminary injunctions against the Navy and the Air Force, respectively, which the government has also appealed. *U.S. Navy SEALs 1–26 v. Austin*, --- F. Supp. 3d ---, 2022 WL 1025144, at *9 (N.D. Tex. Mar. 28, 2022), *appeal filed,* No. 22-10534 (5th Cir. May 31, 2022); *Doster v. Kendall*, No. 1:22-cv-84, 2022 WL 2974733 (S.D. Ohio July 27, 2022), *appeal filed,* No. 22-3702 (6th Cir. Aug. 15, 2022).

[4] Verified Class Action Compl. for Prelim & Perm. Inj. Relief & Decl. Relief, ECF No. 1.

[5] First Am. Verified Class Action Compl. for Prelim & Perm. Inj. Relief & Decl. Relief, ECF No. 75.

[6] *See* Order, ECF No. 89.

[7] *See* Second Am. Verified Class Action Compl. for Prelim & Perm. Inj. Relief, Decl. Relief, & Damages, ECF No. 105.

according to military service.[8] The Court then ordered this action, which it deemed "The Coast Guard Action," stayed "pending an amendment of the complaint to present a ripe claim for relief by a service member in the Coast Guard for whom venue is proper" in the Middle District of Florida.[9]

On August 5, 2022, Plaintiffs—six members of the Coast Guard—filed the third amended complaint (referred hereafter as simply the "complaint") on behalf of themselves and a putative class of "military servicemembers who have been denied religious exemption" from the military's COVID-19 vaccination requirement.[10] *See* Third Am. Verified Class Action Compl. for Prelim. & Perm. Inj. Relief, Decl. Relief, and Damages ("Compl.") ¶¶ 24–29, 139–48, ECF No. 198. They allege that DoD's vaccination directive violates (i) 21 U.S.C. § 360bbb-3, "as applied by 10 U.S.C. §§ 1107 and 1107a," *id.* ¶¶ 149–175; (2) the First Amendment's Free Exercise Clause, *id.* ¶¶ 176–193; and (3) RFRA, 42 U.S.C. § 2000bb-1, *id.* ¶¶ 194–216. Plaintiffs seek both declaratory and injunctive relief against the Coast Guard, including a permanent injunction (i) preventing the implementation of DoD's vaccination directive, (ii) requiring that all religious exemption requests be granted, and (iii) barring the Coast Guard from taking any adverse action or discipline against service members for failing to vaccinate against COVID-19. *Id.*, Prayer for Relief at 72-75.

---

[8] *See* Order, ECF No. 194.
[9] *See id.* at 10.
[10] Despite this action being limited to the Coast Guard, the Third Amended Complaint continues to contain allegations pertaining to federal employees and federal contractors. *See, e.g.*, Compl. ¶¶ 22, 38–41, 46, 86–87, 116, 170. Given the Court's prior rulings regarding those plaintiffs, Defendants do not address those allegations here.

## **LEGAL STANDARDS**

Defendants move to dismiss this case under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which this Court can grant relief.

*Rule 12(b)(1).* "'Federal courts are courts of limited jurisdiction' and 'possess only that power authorized by Constitution and statute.'" *Bishop v. Reno*, 210 F.3d 1295, 1298 (11th Cir. 2000) (citation omitted). Where plaintiffs fail to demonstrate a court's subject-matter jurisdiction, dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(1). *Langston v. Tex. Cap. Bank, Nat'l Ass'n*, No. 8:20-cv-2954, 2021 WL 698171, at *2 (M.D. Fla. Feb. 23, 2021). The Court may consider facts beyond the four corners of the pleading that are relevant to the question of subject matter jurisdiction. *Corbett v. Transp. Sec. Admin.*, 930 F.3d 1225, 1228 (11th Cir. 2019), *cert. denied,* 140 S. Ct. 900 (2020).

*Rule 12(b)(6).* "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). A complaint is subject to dismissal if it fails to allege facts that state a plausible claim for relief rising above the speculative level. Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citation omitted). "[L]abels and conclusions," "naked assertion[s] devoid of further factual enhancement," and "a formulaic recitation of the

8

elements of a cause of action" are insufficient. *Id.* (citation omitted).

*Deference principles.* Judicial review of claims involving the "complex subtle, and professional decisions as to the composition, training, equipping, and control of a military force" is highly constrained. *Gilligan v. Morgan*, 413 U.S. 1, 10 (1973); *Rostker v. Goldberg*, 453 U.S. 57, 66 (1981). The Executive branch is "accorded a particularly high degree of deference in the area of military affairs." *Aktepe v. United States,* 105 F.3d 1400, 1403 (11th Cir. 1997). Such deference extends to constitutional claims and military decisions about the health and welfare of the troops. *See Solorio v. United States*, 483 U.S. 435, 448 (1987); *Goldman v. Weinberger*, 475 U.S. 503, 507 (1986); *Ethredge v. Hail*, 56 F.3d 1324, 1328 (11th Cir. 1995); *Lindenau v. Alexander*, 663 F.2d 68, 70–74 (10th Cir. 1981); *Mazares v. Dep't of Navy*, 302 F.3d 1382, 1385 (Fed. Cir. 2002).

## **ARGUMENT**

I.   **The Court should dismiss Plaintiffs' claim under 21 U.S.C. § 360bbb-3 and 10 U.S.C. §§ 1107, 1107a (Count I).**

Plaintiffs allege that DoD's COVID-19 vaccination directive violates 21 U.S.C. § 360bbb-3, "as applied by 10 U.S.C. §§ 1107 and 1107a," which impose certain notice requirements for products authorized for "emergency use." *See* Compl. ¶¶ 149–75. This claim fails for several reasons, any one of which requires dismissal.

### A.   **Plaintiffs' claim under 21 U.S.C. § 360bbb-3 and 10 U.S.C. §§ 1107, 1107a are moot.**

Plaintiffs' claim under 21 U.S.C. § 360bbb-3 and 10 U.S.C. §§ 1107, 1107a centers on the allegation that DoD is "mandating" that Plaintiffs receive a COVID-19 vaccine "subject only to Emergency Use under the Emergency Use Authorization

statute." *See* Compl. ¶¶ 169–73. Setting aside the fact that DoD's vaccination directive does not require service members to take a vaccine authorized only for emergency use, *see* Sec'y of Def. Mem. (Aug. 9, 2021), https://perma.cc/S4R3-2VZW (requiring only vaccines that have received full licensure from the FDA), this statutory claim is moot: Plaintiffs may comply with the vaccination requirement by receiving doses of Comirnaty, a BLA-approved COVID-19 vaccine that the Coast Guard has made available to each Plaintiff. *See Troiano v. Supervisor of Elections in Palm Beach Cnty.*, 382 F.3d 1276, 1281 (11th Cir. 2004) ("Article III courts lack jurisdiction to entertain [a moot case].").

The Coast Guard has offered to administer for all willing members doses of the BLA-approved Comirnaty (in Comirnaty-labeled vials).[11] Because Plaintiffs may receive Comirnaty to satisfy the military's COVID-19 vaccination requirement, they "lack a legally cognizable interest" in the resolution of their statutory claim, which rests on a purported mandate to receive a vaccine authorized only under an EUA. *See Fed. Trade Comm'n v. On Point Cap. Partners LLC*, 17 F.4th 1066, 1078 (11th Cir. 2021) (citation omitted); *accord Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013); *see also Norris v. Stanley*, 558 F. Supp. 3d 556, 559 (W.D. Mich. 2021) (no likelihood of success on EUA claim because it "would be moot" if offered the BLA-approved Pfizer vaccine); *cf. Coal. for Mercury-Free Drugs v. Sebelius*, 671 F.3d 1275, 1281-82 (D.C. Cir. 2012)

---

[11] *See* Decl. of Captain Hans C. Govertsen ¶ 13; Decl. of Captain Nathan E. Coulter ¶¶ 12-13; Decl. of Captain Scott S. Phy ¶¶ 11-12; Decl. of Captain Michael P. Kahle ¶¶ 8, 11; Decl. of Captain Margaret E.C. Dean ¶¶ 11-12.

(Kavanaugh, J.) (explaining that availability of vaccines other than the ones to which plaintiffs objected eliminated plaintiffs' standing). Accordingly, this Court's resolution of Plaintiffs' statutory claim would have no practical impact on Plaintiffs. *See Prison Legal News v. FBI*, 944 F.3d 868, 880 (10th Cir. 2019); *accord Rau v. Moats*, 772 F. App'x 814, 817 (11th Cir. 2019). Nor is there any "meaningful relief" that the Court could grant to Plaintiffs based on this claim that they have not already been obtained from Defendants. *See Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citation omitted); *accord Honig v. Students of Cal. Sch. for the Blind,* 471 U.S. 148, 149 (1985). Thus, Plaintiffs' claim under 21 U.S.C. § 360bbb-3 and 10 U.S.C. §§ 1107, 1107a is moot.

> **B.  Neither 21 U.S.C. § 360bbb-3 nor 10 U.S.C. §§ 1107, 1107a waive the United States' sovereign immunity or provide Plaintiffs with a private right of action.**

The federal government may only be sued where Congress has expressly waived its sovereign immunity. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Absent such a waiver, district courts lack jurisdiction over the claim. *Id.*; *Zelaya v. United States*, 781 F.3d 1315, 1321–22 (11th Cir. 2015). Moreover, "private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001), and "[t]here must be clear evidence of Congress's intent to create a cause of action," *Love v. Delta Air Lines*, 310 F.3d 1347, 1353 (11th Cir. 2002) (citation omitted). Where the necessary intent is absent, "a cause of action does not exist and courts may not create one." *Sandoval*, 532 U.S. at 286–87.

Plaintiffs purport to bring a claim under 21 U.S.C. § 360bbb-3 and 10 U.S.C.

§§ 1107, 1107a. But none of these provisions waive the United States' sovereign immunity—much less by express, unequivocal terms—or provide a private cause of action to challenge the federal government's compliance with any statutory requirements. In fact, this Court has already held that 21 U.S.C. § 360bbb-3 "confers no private right of action" and "creates no 'opportunity to sue the government[,]'" *Navy SEAL 1 v. Biden*, 574 F. Supp. 3d 1124, 1130 (M.D. Fla. 2021) (citation omitted),[12] and Plaintiffs offer no reason the Court should reach a different result here. After all, Congress reserved exclusive authority to enforce 21 U.S.C. § 360bbb-3 to the United States—*not* individual plaintiffs—with one exception for state enforcement. *See* 21 U.S.C. § 337(a)-(b). And the express purpose of 10 U.S.C. Chapter 55 (within which §§ 1107 and 1107a reside) is to create a medical and dental-care program for service members—not to fashion a new judicial remedy. *See* 10 U.S.C. § 1071. Thus, the Court may dismiss Count I for this reason, as well.[13]

---

[12] Other courts have reached similar conclusions in resolving claims like the one Plaintiffs attempt to assert here. *See, e.g.*, *Doe v. Franklin Square Union Free Sch. Dist.*, 568 F. Supp. 3d 270, 292–93 (E.D.N.Y. 2021), *appeal withdrawn,* 2022 WL 1316221 (2d Cir. Mar.17, 2022); *Bridges v. Hous. Methodist Hosp.*, 543 F. Supp. 3d 525, 527 (S.D. Tex. 2021), *aff'd*, 2022 WL 2116213 (5th Cir. June 13, 2022); *Garfield v. Middle Tenn. State Univ.*, No. 3:21-cv-00613, 2021 WL 5770877, at *3 (M.D. Tenn. Dec. 6, 2021) (citing *Bailey v. Johnson*, 48 F.3d 965, 968 (6th Cir. 1995); *Loreto v. Proctor & Gamble Co.*, 515 F. App'x 576, 578-79 (6th Cir. 2013)); *Donohue v. Hochul*, No. 21-CV-8463, 2022 WL 673636, at *7 (S.D.N.Y. Mar. 7, 2022) (citing *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1113 (2d Cir. 1997)), *appeal filed,* No. 22-517 (2d Cir. Mar. 11, 2022).

[13] Notably, Plaintiffs do not assert this statutory claim under the Administrative Procedure Act ("APA"). Nor could they. Congress's reservation of exclusive enforcement authority to the United States (with one exception for state enforcement), 21 U.S.C. § 337(a); *see also Navy SEAL 1*, 574 F. Supp. 3d at 1130; *Guilfoyle v. Beutner*, No. 2:21-cv-05009, 2021 WL 4594780, at *26–27 (C.D. Cal. Sept. 14, 2021), would preclude any attempt to assert a § 360bbb-3 claim under the APA. *See* 5 U.S.C. § 701(a)(1) ("[The APA] applies" except to the extent that a statute "preclude[s] judicial review."); *see also, e.g.*, *Overton Power Dist. No 5 v. O'Leary*, 73 F.3d 253, 257–58 (9th Cir. 1996). Moreover, actions taken under the authority of § 360bbb-3 are expressly committed to FDA's discretion. 21 U.S.C.

**C.    Plaintiffs have not plausibly alleged a violation of 21 U.S.C. § 360bbb-3 or 10 U.S.C. §§ 1107, 1107a.**

Even setting aside these threshold defects, Plaintiffs do not plausibly allege a violation of 21 U.S.C. § 360bbb-3 or 10 U.S.C. §§ 1107, 1107a. Congress has given the Secretary of Defense and the Armed Services wide latitude to establish a vaccination program for the welfare and readiness of troops. *See* 10 U.S.C. §§ 113(b), 7013(b)(9), 8013(b)(9), 9013(b)(9). Section 1107a[14] places a narrow condition on that authority by requiring a presidential "waiver" of a notification requirement when the military seeks to require service members to take products authorized only for "emergency use" without providing certain information. *Id.* § 1107a(a). Relatedly, the relevant provisions of § 360bbb-3 merely impose certain notice requirements for products authorized only for "emergency use."

But DoD's vaccination directive does not implicate either of those statutory provisions because it does not require service members to take an EUA-authorized vaccine. *See* Sec'y of Def. Mem. (Aug. 24, 2021), https://perma.cc/N759-S758 ("Mandatory vaccination against COVID-19 will only use COVID-19 vaccines that

---

§ 360bbb-3(i); *Ass'n of Am. Physicians & Surgeons v. U.S. Food & Drug Admin.*, No. 20-1784, 2020 WL 5745974, at *3 (6th Cir. Sept. 24, 2020). For that reason as well, a § 360bbb-3 claim would be unreviewable under the APA. 5 U.S.C. § 701(a)(2).

[14] Plaintiffs' reference to 10 U.S.C. § 1107(a) is inapplicable on its face, as that provision concerns "investigational new drug[s]" and "drug[s] unapproved for [their] applied use." *See also* 21 U.S.C. § 355(i) (defining investigational new drugs as those used in clinical trials); *Doe v. Rumsfeld*, 297 F. Supp. 2d 119, 132 (D.D.C. 2003) ("Title 10 U.S.C. § 1107 and the attendant DoD regulation apply only if the *FDA* determines that [the vaccine] is an investigational drug or a drug unapproved for its present purpose."). DoD's directive does not implicate this provision, as none of the COVID-19 vaccines for service members are provided as investigational new drugs in the context of clinical trials or drugs unapproved for their applied use, *see* ECF No. 23-14 ¶¶ 7, 7 n.2, and the FDA has made no determination that they are (nor have Plaintiffs alleged such a determination by the FDA).

receive full licensure . . . in accordance with FDA-approved labeling and guidance."); Jones Decl. ¶ 4 (describing Coast Guard directives). And as discussed, Comirnaty, an FDA-licensed COVID-19 vaccine, is currently available to Plaintiffs. *See supra* pp.10-11.[15] Accordingly, Plaintiffs have no basis to claim that DoD is requiring them to take a vaccine authorized only for "emergency use." Plaintiffs have therefore failed to state a claim for relief.

And while DoD's vaccine directive does not implicate § 1107a or § 360bbb-3, it is worth noting that a court recently rejected Plaintiffs' understanding of what those statutory provisions require. *See Miller v. Austin*, No. 4:22-cv-01739 (S.D. Tex. June 1, 2022), ECF No. 9. In *Miller*, as here, the plaintiff argued that 10 U.S.C. § 1107a and 21 U.S.C. § 360bbb-3 "prohibit[] the military from requiring members to receive an EUA product" absent a presidential waiver under § 1107a. *Id.* at 1–2 (citation omitted). The court held, however, that federal law "only requires that [a service member] have been *informed* that he has a choice whether to get the vaccine or not and to be told of

---

[15] Even if Plaintiffs had not been offered doses of Comirnaty, the FDA, in its contemporaneous reissuance of Pfizer's EUA, determined that "[t]he licensed vaccine has the same formulation as the EUA-authorized vaccine and the products can be used interchangeably to provide the vaccination series without presenting any safety or effectiveness concerns." ECF No. 23-14 at Ex. C at 2 n.8. DoD's determination to "use doses distributed under the EUA to administer the vaccination series as if the doses were the licensed vaccine," ECF No. 1-7, is thus consistent with § 1107a. *See also Navy SEAL 1*, 574 F. Supp. 3d at 1131 (finding that Plaintiffs failed to identify any factual or legal distinction "between Pfizer's vaccine bearing the emergency label but produced in compliance with the FDA license and Pfizer's 'interchangeable' vaccine bearing the Comirnaty label"); *Valdez v. Grisham*, 559 F. Supp. 3d 1161, 1171 (D.N.M. 2021) (rejecting claim that state vaccine mandate violated the EUA statute because "the FDA has now given its full approval – not just emergency use authorization – to the Pfizer vaccine"), *aff'd*, 2022 WL 2129071 (10th Cir. June 14, 2022); *Johnson v. Brown*, 567 F. Supp. 3d 1230, 1247 (D. Or. 2021) ("The FDA approval on August 23, 2021 was for the *physically, chemically, and biologically identical vaccine*.").

14

what consequences may follow if he decides to not get the vaccine." *Id.* at 3. Where a plaintiff has been informed of that choice, and the consequences of refusing to vaccinate, neither § 1107a nor § 360bbb-3 had been violated. *Id.* Yet, no Plaintiff alleges that he or she has not been so informed. [16]

### D.   The Court lacks jurisdiction over a challenge to the emergency declaration or EUA.

To the extent that Plaintiffs seek to challenge a COVID-19 vaccine's EUA itself, that challenge could not proceed. Plaintiffs have not sued the FDA, so there is no proper defendant in this action for such a claim. And even if Plaintiffs had sued the FDA, actions taken under the authority of § 360bbb-3 are expressly committed to FDA's discretion. *See* 21 U.S.C. § 360bbb-3(i); *Ass'n of Am. Physicians & Surgeons*, 2020 WL 5745974, at *3 (holding that EUAs are unreviewable); *see also* 5 U.S.C. § 701(a)(2) (agency action is unreviewable under the APA when it "is committed to agency discretion by law"). Accordingly, the Court would lack jurisdiction to review any claim challenging the validity of an EUA. [17]

---

[16] Even assuming Plaintiffs could plausibly allege that DoD's vaccination requirement violates any or all of these statutory provisions, Plaintiffs could not show that they would suffer an actual, concrete injury that is both causally connected to the violation and redressable by a favorable decision in this matter. *See Corbett*, 930 F.3d at 1232. Plaintiffs allege that it is their religious beliefs—not any licensing objections—that "preclude[s] them from complying" with an order to become vaccinated against COVID-19. *See* Compl. ¶ 48. And as this Court has already found, no Plaintiff claims that he or she "requested or was denied a Pfizer vaccine complying with the FDA license." *Navy SEAL 1*, 574 F. Supp. 3d at 1131. Indeed, Plaintiffs' own conduct indicates that they are unwilling to take a COVID-19 vaccine whether it was produced under an EUA or is BLA-approved. *See supra* pp. 10–11.

[17] In any event, both the Emergency Declaration and the EUAs are clearly proper under the statutory standards. The February and March 2020 public health emergency determinations satisfy the standards for an emergency declaration under 21 U.S.C. § 360bbb–3(b)(1)(C) because they find a "public health emergency" that affects "national security or the health and security of United States citizens living abroad" that involves a "biological" agent—the novel coronavirus—and a disease

## II.    Plaintiffs' RFRA and First Amendment Claims Are Not Ripe or Administratively Exhausted (Counts II and III).

Plaintiffs additionally allege that DoD's vaccination directive violates RFRA and the First Amendment because it "remov[es] brave servicemembers" who "requested accommodation of their sincerely held religious belief." Compl. ¶ 22; *see also id.* ¶¶ 176–216. These claims should be dismissed because they are not ripe and Plaintiffs have not exhausted their administrative remedies.

The ripeness doctrine examines "whether there is sufficient injury to meet Article III's requirement of a case or controversy and, if so, whether the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decisionmaking by the court." *Digital Props., Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997) (quoting *Cheffer v. Reno*, 55 F.3d 1517, 1524 (11th Cir. 1995)). "Even when the constitutional minimum has been met," moreover, "prudential considerations may still counsel judicial restraint." *Id.* (quoting *Action All. of Senior Citizens v. Heckler*, 789 F.2d 931, 940 n.12 (D.C. Cir. 1986)) These concerns—present whenever a court is asked to intervene in a dispute with an agency—are at their apex where the military is involved. As the Eleventh Circuit has recognized, "respect for coordinate judicial systems and their autonomy . . . require[s] exhaustion in military cases." *Winck v. England*, 327 F.3d 1296, 1302 (11th Cir. 2003), *abrogated on other*

---

caused by the coronavirus—COVID-19. *See* Determination of Public Health Emergency, 85 Fed. Reg. 7316, 7317 (Feb. 7, 2020); Emergency Use Authorization Declaration, 85 Fed. Reg. 18,250, 18,250–51 (Apr. 1, 2020). FDA has authorized three COVID-19 vaccines pursuant to EUAs, based on FDA's review of extensive safety and efficacy data. *See, e.g.*, ECF No. 23-14 at Exs. B, C; *see also* FDA, COVID-19 Vaccines (Oct. 29, 2021), https://perma.cc/5FWS-RJ5L.

grounds as recognized in *Santiago-Lugo v. Warden*, 785 F.3d 467 (11th Cir. 2015); *see also, e.g.*, *Von Hoffburg v. Alexander*, 615 F.2d 633, 637 (5th Cir. 1980) (collecting cases); *Hodges v. Callaway*, 499 F.2d 417, 420 (5th Cir. 1974); *Leicht v. McHugh*, No. 13-60015, 2013 WL 11971266, at *2 (S.D. Fla. May 24, 2013) ("The exhaustion doctrine should be strictly applied."). Even when a plaintiff alleges "deprivation of a constitutional right" or "that the military has acted in violation of applicable statutes," he still must "exhaust[] available intraservice corrective measures" before bringing suit in federal court. *Mindes v. Seaman*, 453 F.2d 197, 201 (5th Cir. 1971).

Although most Plaintiffs' requests for religious exemptions and appeals have been denied, their claims remain unripe and unexhausted because they have not been separated for declining vaccination and further military procedures remain available to them to pursue their arguments against vaccination.[18] As they acknowledge, they face *potential* separation, but the pleading does not allege that any Plaintiff has actually been ordered separated, or even that any Plaintiff has gone before a separation board or that any board has made any recommendation. *See* Compl. ¶¶ 25–29; *see also* Jones Decl. ¶¶ 39–42 (detailing the administrative separation process); Jones Decl. ¶ 43 (describing court martial process and stating that no Coast Guard members have faced or are currently facing disciplinary action under the court martial process for refusal to

---

[18] *See* Govertsen Decl. ¶ 14; Coulter Decl. ¶ 13; Decl. of Captain Jason B. Gunning ¶¶ 6-8; Phy Decl. ¶ 13; Kahle Decl. ¶¶ 11-12; Dean Decl. ¶ 12. Plaintiffs alleged that Lieutenant 2 is a male domiciled in Clearwater, Florida. Compl. ¶ 26. However, in Plaintiffs' confidential disclosure of Plaintiffs' identities to Defendants' counsel, Plaintiffs identified Lieutenant 2 as a female domiciled in Corpus Christi, Texas. Defendants have submitted declarations from the commanding officers of the Plaintiffs as identified in their confidential disclosure of identities.

get vaccinated). Numerous courts have found the absence of such allegations dispositive. In *Roberts v. Roth*, ---, F. Supp. 3d ---, 2022 WL 834148 (D.D.C. Mar. 21, 2022), for instance, the court dismissed the plaintiff's claims as unripe, even where his religious exemption appeal had been denied, he had been issued a Letter of Reprimand for remaining unvaccinated after the denial, and an administrative board had recommended his discharge. The court explained that the service "ha[d]not yet made a final determination on [the plaintiff's] discharge," and that even if the plaintiff were ultimately discharged, he would have "the opportunity to apply to the [] Board for the Correction of Military Records, which has broad authority to provide relief." *Id.* at *3 (citations omitted). With such procedures still available, the plaintiff's "alleged injury [was] not certainly impending" and his challenge to the denial of his exemption was "not constitutionally ripe." *Id.* at *4. Likewise, in *Mark Short*, the court concluded that a Marine Corps officer whose religious exemption appeal had been denied failed to exhaust administrative remedies because "he still must undergo separation proceedings before any permanent adverse consequences are imposed." 2022 WL 1051852, at *4. The officer would have the opportunity to submit a "written rebuttal" during separation proceedings, and four different individuals would consider his separation, "any one of which could decide to close the process" in the officer's favor. *Id.* And the court rejected the argument that such administrative remedies would be futile, finding "no evidence, other than argumentative conjecture, that separation proceedings are always decided against the appealing servicemember." *Id.* Other courts have concluded similarly. *See, e.g., Knick*, 2022 WL 2157066, at *3 (finding

18

"significant questions regarding ripeness and administrative exhaustion, because no disciplinary action has been taken, let alone any appeal process thereof completed"); *Church*, 573 F. Supp. 3d at 137 (denying preliminary injunction for failure to exhaust where the service members whose appeals had been denied would still have "multiple opportunities to present their arguments to the Service and for the Service to respond") (citation omitted); *Thomas Short*, 2022 WL 1203876, at *10 (denying preliminary injunction where, among other reasons, the member "will have an opportunity to renew and further develop his exemption request during future separation proceedings"); *Vance*, 2022 WL 1094665, at *7 (dismissing service member's challenge to denial of religious accommodation request as unripe in part because "[n]o separation proceedings have been implemented"); *cf. Frame v. United States*, No. 4:09-CV-458, 2010 WL 883804, at *3 (N.D. Fla. Mar. 5, 2010) (concluding that "because Plaintiff's application to have his discharge changed to an honorable discharge is still pending, this case is not ripe"). There is "no injustice in requiring [a member of the military] to submit to a system established by Congress and carefully designed to protect not only military interests but his legitimate interests as well." *Schlesinger v. Councilman*, 420 U.S. 738, 759-60 (1975). Where "no tangible controversy exists" because there has been no "binding conclusive administrative decision," courts have "no authority to act." *Digital Props.*, 121 F.3d at 590.

Defendants recognize that this Court held at the preliminary injunction stage that Plaintiffs' claims ripen at "the first moment an objecting service member must act contrary to a religious belief." *Navy SEAL 1*, 574 F. Supp. 3d at 1143. Defendants

respectfully disagree and preserve their position in this case. "[T]he naked recitation of a constitutional claim isn't [a] sufficient [Article III injury]; if it were, every [] plaintiff [asserting such claims] would, by definition, have standing to sue." *Gardner v. Mutz*, 962 F.3d 1329, 1341 (11th Cir. 2020). As the decisions cited above demonstrate, the denial of a religious exemption request and appeal on its own does not ripen a controversy. The concrete injury to ripen a controversy is the imposition of adverse consequences for failing to receive the COVID-19 vaccine, and here Plaintiffs do not allege that those consequences have occurred. Nor has any Plaintiff been forced to act contrary to his or her religious belief, as "no government actor is preventing Plaintiff[s] from exercising [their] alleged religious conviction against COVID-19 vaccination." *Navy SEAL 1*, 2022 WL 1294486, at *16; *see also Thomas Short*, 2022 WL 1203876, at *8.

For these reasons, Plaintiffs' claims should be dismissed as unripe and unexhausted. *See Winck*, 327 F.3d at 1302 (requiring exhaustion in military cases); *Von Hoffburg*, 615 F.2d at 637; *Hodges*, 499 F.2d at 420; *Doe v. Ball*, 725 F. Supp. 1210, 1215 (M.D. Fla. 1989), *aff'd sub nom. Doe v. Garrett*, 903 F.2d 1455 (11th Cir. 1990) (requiring exhaustion of administrative remedies through the Board for Correction of Naval Records before bringing facial challenge to Navy's HIV regulations).[19]

---

[19] To the extent Plaintiffs attempt to bring any claim (or seek relief) regarding duty assignments, trainings, deployments, promotions, and other such operational decisions, such claim and/or relief would encroach on core Article II prerogatives and is nonjusticiable. It is the Executive officials charged with protecting national security—not the courts—who have authority to make those sorts of professional military judgments. *See, e.g., Orloff v. Willoughby*, 345 U.S. 83, 93 (1953); *Dep't of Navy v. Egan*, 484 U.S. 518, 530 (1988); *Gilligan*, 413 U.S. at 10; *Navy SEALs 1-26*, 142 S. Ct. at 1301; *id.* at 1302 (Kavanaugh, J., concurring); *Navy SEAL 1*, No. 22-10645 (11th Cir. Mar. 30, 2022).

### III.   Venue and Joinder of Plaintiffs' Claims Is Improper.

Finally, this Court is not the proper forum in which to adjudicate all of Plaintiffs' claims. 28 U.S.C. § 1391(e) requires that actions against officers of the United States be brought in the district in which (1) "a defendant in the action resides," (2) "a substantial part of the events or omissions giving rise to the claim occurred," or (3) "the plaintiff resides." Here, however, Defendants (sued in their official capacities) do not reside within the Middle District of Florida, as they perform their official duties at the Pentagon or in Washington, D.C. *See, e.g.*, 14D Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 3815 (4th ed. 2022) ("[T]he relevant inquiry is the official residence."); *Smith v. Dalton*, 927 F. Supp. 1, 6 (D.D.C. 1996); *Webster v. Mattis*, 279 F. Supp. 3d 14, 19 (D.D.C. 2017); *Vince v. Mabus*, 956 F. Supp. 2d 83, 88 (D.D.C. 2013). A substantial part of the events giving rise to Plaintiffs' claims did not occur in the Middle District of Florida either, as the vaccination requirement they challenge (under RFRA, the First Amendment, and the EUA statute) issued out of Washington, D.C., and the final exemption decisions (for those Plaintiffs who have received one) were made at Coast Guard Headquarters in Washington, D.C. *See* Compl. ¶¶ 42-44; Jones Decl. ¶¶ 34-36.

Although four Plaintiffs (Lieutenant 2[20], AET1, MST3, Senior Chief) allege domicile in the Middle District of Florida, Compl. ¶¶ 26-29, Plaintiffs Pilot and LCDR

---

[20] Lieutenant 2 alleges domicile in Clearwater, Florida, Compl. ¶ 26, but Plaintiffs' confidential disclosure of identities to Defendants' counsel identifies Lieutenant 2's domicile as Corpus Christi, Texas.

Pilot do not, *id.* ¶¶ 24-25. While Plaintiffs may argue that venue for one is sufficient to also join the claims of individuals without venue, that is not so in this case, which requires an individualized analysis both as to the alleged substantial burden placed on each Plaintiff's religious beliefs, and to the Coast Guard's compelling interest in requiring each Plaintiff's vaccination and whether any less restrictive measure exists with respect to the circumstances of each Plaintiff. Because each Plaintiff claims to have their own personal belief, performs a different function within the Coast Guard, works in a different setting, and operates within a different chain of command, *see* Compl. ¶¶ 24-29, their claims "are not logically related because they do not arise from common operative facts." *Barber v. Am.'s Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013); *see also Wigand v. W. City Partners, Inc.*, No. 07-61492, 2008 WL 384394, at *1 (S.D. Fla. Feb. 11, 2008) (finding misjoinder, even when plaintiffs asserted the same claim based on a form contract, because the contracts were for "different units, on different dates, and for different prices"); *Walters v. BMW of N. Am.*, No. 8:18-cv-02875, 2019 WL 6251366, at *2 (M.D. Fla. Nov. 22, 2019) (same, for plaintiffs who brought the same types of claims arising out of their purchase of BMW vehicles, due to "substantial factual differences among the Plaintiffs' claims"); *Torres v. Bank of Am., N.A.*, No. 8:17-cv-1534, 2017 WL 10398671, at *1–2 (M.D. Fla. Oct. 6, 2017) (same, where "the claims arise from different borrowers' loans or loan-modification attempts and necessarily involve different sets of operative facts, even if the claims are pled similarly and present similar legal issues").

Defendants acknowledge that in *Colonel Financial Management Officer v. Austin*,

No. 8:22-cv-01275, ECF No. 230, at 2-4, this Court held that Marine Corps service members' claims were properly joined, and that venue was proper for plaintiffs outside the Middle District of Florida. Defendants respectfully disagree with that decision, reserve their position in this case, and urge this Court to follow the reasoning of another court in this district, which concluded regarding 15 service members' attempt to bring RFRA, First Amendment, and "informed consent" claims against DoD's directive despite "[o]nly one of the Plaintiffs ha[ving] anything to do with the Middle District of Florida," that "the differences between their claims are too numerous to promote judicial economy." *Crosby v. Austin*, No. 8:21-cv-02730, ECF No. 44 at 2–3 (M.D. Fla. Feb. 22, 2022). The court found that "it is clear that resolution of many of these claims – such as the religious claims – would require a separate analysis and involve different proof and different witnesses, located in various places across the country." *Id.* at 3. As such, the court found the claims misjoined, and severed and dismissed without prejudice the claims of all plaintiffs except for the only plaintiff with any connection to the Middle District of Florida. *Id.* at 3–4. This Court should follow a similar path here, to the extent it does not dismiss the claims entirely.

## CONCLUSION

For these reasons, the Court should dismiss the Third Amended Complaint.

## LOCAL RULE 3.01(g) CERTIFICATION

On September 19 and 20, 2022, Defendants' counsel conferred via email with Plaintiffs' counsel, who represented that they oppose the relief sought in this motion.

Dated: September 20, 2022

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

Respectfully submitted,

*/s/   Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
LIAM HOLLAND
JODY D. LOWENSTEIN
JEREMY S.B. NEWMAN
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: 919-856-4013
Email: amy.powell@usdoj.gov

*Counsel for Defendants*