UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| PILOT, United States Coast Guard, *et al.*, for themselves and all others similarly situated,<br><br>     Plaintiffs,<br>v.<br><br>LLOYD AUSTIN, in his official capacity as Secretary of the United States Department of Defense, *et al.*,<br><br>     Defendants. | No. 8:22-cv-1278-SDM-TGW |

## **PLAINTIFFS' RENEWED MOTION TO CERTIFY CLASS UNDER RULE 23**

Plaintiffs, pursuant to Fed. R. Civ. P. 23 and Local Rule 3.01, renew their Motion (Doc. 35) to Certify Class Under Rule 23, as requested in their Third Amended Verified Class Action Complaint (Doc. 198) and as supplementally defined herein. For the reasons set forth below, Plaintiffs' motion should be granted and the class certified. In the alternative, Plaintiffs renew their request that the Court provisionally certify the class for purposes of granting preliminary injunctive relief.

## **RESTATED PROPOSED CLASS**

Plaintiffs propose a class of United States Coast Guard servicemembers in line with the class certified by this Court in *Colonel Financial Management Officer v. Austin*, No. 8:22-cv-1275-SDM-TGW, 2022 WL 3643512 (M.D. Fla. Aug. 18, 2022). Specifically, Plaintiffs propose that the Court certify the following class:

> All persons on active duty or in reserve (1) who serve under the command of the [Coast Guard], (2) who were affirmed by a chaplain as harboring

a sincere religious objection, (3) who timely submitted an initial request for a religious accommodation, (4) who were denied the initial request, (5) who timely appealed the denial of the initial request, and (6) who were denied or will be denied after appeal.

2022 WL 3643512, at *19.

## ARGUMENT

As was the case in *Colonel Financial Management Officer* with respect to the Marine Corps class certified there, "[c]onstrued with the benefit of several hearings," Plaintiffs' motion here pursues

> certification of a class comprising religiously objecting [Coast Guard members] who received a chaplain's affirmation of sincerity, who applied for a religious accommodation from COVID-19 vaccination, who were denied an accommodation, and who timely appealed the denial, and who were or will be denied with finality after appeal and ordered to accept COVID-19 vaccination.

*Col. Financial Mgmt. Officer*, 2022 WL 3643512, at *9. In fact, the only substantive difference between the Marine Corps class the Court previously certified and the Coast Guard class Plaintiffs seek to certify here is the branch of service at issue. All material facts that were true of the Marines in the prior certification are equally true here, and the Coast Guard class should be certified in the same manner.

I.  **PLAINTIFFS' PROPOSED CLASS IS ASCERTAINABLE.**

As the Court observed previously, "[a]lthough the identification of a [Coast Guardsman] harboring a sincere religious objection to COVID-19 vaccination might present difficulties in other instances . . . the record in this action presents an objective method of ascertainment." *Col. Financial Mgmt. Officer*, 2022 WL 3643512, at *11. Here, Defendants' sworn testimony before the Court demonstrates the Proposed Class

is ascertainable, just as it was in the Marines. (*See* Doc. 202-1, Declaration of Rear Admiral Eric Jones, ¶¶ 29–36 (stating that the process involves a request for an accommodation, a chaplain's interview and sincerity determination, a process for appeal, and a process for administrative review of the appeal).) Thus, as was true in the Marine Corps, the Proposed Class of Coast Guard servicemembers is readily ascertainable by those who complied with the process outlined by Defendants in Rear Admiral Jones's Declaration.

Additionally, as was equally true with the Marine Corps, "most of the plaintiffs have received the final denial of an appeal and the accompanying order to accept COVID-19 vaccination and thus are readily ascertainable as class representatives." *Col. Fin. Mgmt. Officer*, 2022 WL 3643512, at *11. Indeed, with respect to Plaintiff Lieutenant 2 (domiciled in Clearwater, Florida), the Coast Guard determined that her vaccination objection was based on sincerely held religious beliefs, denied her religious accommodation request, and denied her appeal. (Doc. 198, ¶ 26.) The Coast guard subsequently ordered her to accept COVID-19 vaccination or face separation. (*Id.*). Similarly, with respect to Plaintiff Avionics Electrical Technician 1 (also domiciled in Clearwater, Florida) the Coast Guard determined his religious objection sincere, denied his request for religious accommodation, denied his appeal, and ordered him to be COVID-19 vaccinated or face separation. (Doc. 198, ¶ 27.) Plaintiff Marine Science Technician 3 (domiciled in St. Petersburg, Florida) faces the same situation. (Doc. 198, ¶ 28.) Among the other Coast Guard members appearing before the Court,

3

these Plaintiffs clearly represent the Proposed Class of Coast Guard members with virtually identical claims and are readily ascertainable by this Court.

## II.     PLAINTIFFS SATISFY THE REQUIREMENTS OF RULE 23(a).

### A.     Plaintiffs' Proposed Class Satisfies Numerosity.

In the Eleventh Circuit, "while there is no fixed numerosity rule, generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors." *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986) (cleaned up); *see also Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1267 (11th Cir. 2009) (same). "Rule 23(a)(1) imposes a 'generally low hurdle,' and 'a plaintiff need not show the precise number of members in the class.'" *Muzuco v. Re$ubmitIt, LLC*, 297 F.R.D. 504 (S.D. Fla. 2013) (quoting *Vega*, 564 F.3d at 1267); *Barlow v. Marion Cnty. Hosp. Dist.*, 88 F.R.D. 619, 625 (M.D. Fla. 1980) (same). And, in determining whether Plaintiffs have shown sufficient numerosity to merit class certification, the Court may "make common sense assumptions in order to find support for numerosity." *Khuen v. Cadle Co., Inc.*, 245 F.R.D. 545, 550 (M.D. Fla. 2007).

Here, based on the sworn testimony submitted to the Court by the Government, there is an ascertainable class of approximately 1,308. (*See* Doc. 73-6 at 4.) And, even at the time—many months ago—when Defendants submitted the information, every denial of a request for religious accommodation followed a determination of sincerity by the chaplain. (*Id.* (noting that, at the time, 578 requests had been denied and that all followed a determination of sincerity by the chaplain).) And the Coast Guard

4

readily admits to this Court that "most Plaintiffs' requests for religious exemptions *and appeals* have been denied." (Doc. 202, at 17 (emphasis added).) By their own admission, then, "the [Coast Guard] has denied with finality hundreds of appeals from religiously objecting [Coast Guardsmen]; thus, the class is sufficiently numerous." *Col. Fin. Mgmt. Officer*, 2022 WL 3643512, at *11.

### B.  Plaintiffs' Proposed Class Satisfied Commonality.

To satisfy the requirement of "commonality," the class "claims must depend upon a common contention" that is "of such a nature it is capable of classwide resolution—which means that the determination of its truth or falsity will resolve an issue central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). One of the ways commonality is generally demonstrated is by showing—as here—that defendants "'operated under a general policy of discrimination.'" *Id.* at 353 (quoting *Gen. Tele. Co. of Sw. v. Falcon*, 347 U.S. 147, 159 n.15 (1982)). Indeed, "[a]n alleged policy or practice of treating an entire class unlawfully satisfies the commonality requirement of Rule 23(a)(2)." *Herman v. Seaworld Parks & Entm't, Inc.*, 320 F.R.D. 271, 290 (M.D. Fla. 2017); *see also Palm Beach Golf Center-Boca, Inc. v. Sarris*, 311 F.R.D. 688, 695 (S.D. Fla. 2015) ("Generally, the commonality requirement is met if the allegations involve a common course of conduct by the defendants."); *Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 313 (S.D. Fla. 2001) (same).

> In general,
>
> What matters to class certification is not the raising of common questions—even in droves—but rather, the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.

*Wal-Mart*, 564 U.S. at 350 (cleaned up).

This Court's previous observations regarding the Marine Corps class applies equally here:

> The record presents two questions common to the class: (1) does the uniform denial of requests for a religious accommodation and other evidence reveal a policy-in-fact of denying all religious accommodations except for the rare [Coast Guardsman] both electing to, and eligible to, retire (and, perhaps, excepting a smattering of other trivial instances) and (2) does the analysis—uniformly applied to every applicant—used by the [Coast Guard] fail to conform to the analysis required by RFRA? If the answer to either question is "yes," the [Coast Guard] has failed to discharge the burden that RFRA demands and cannot impose the COVID-19 vaccination requirement against the class.

*Col. Fin. Mgmt. Officer*, 2022 WL 3643512, at *11. Here, the record presents the same questions, with the same unlawful answers, and represents a common question of law and fact with respect to the Proposed Class of Coast Guard members. (*See* Doc. 198, ¶¶ 177–216 & Prayer for Relief, ¶¶ A–B.)

### C. Plaintiffs' Proposed Class Satisfies Typicality.

"Typicality requires that there be a sufficient nexus between the legal claims of the named class representatives and those of individual class members to warrant class certification." *Physicians Healthsource, Inc. v. Doctor Diabetic Supply, LLC*, No. 12-22330-Civ, 2014 WL 7366255, at *6 (S.D. Fla. Dec. 24, 2014) (cleaned up) (quoting *Ault v.*

*Walt Disney World Co.*, 692 F.3d 1212, 1216 (11th Cir. 2012)); *see also Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1322 (11th Cir. 2008) (same). Put simply, the typicality requirement is satisfied if the class representatives "have the same interest and suffer the same injury as the class members." *Herman*, 320 F.R.D. at 293 (citing *Busby*, 513 F.3d at 1322). "The typicality requirement, much like the commonality requirement, does not require that the claims of the proposed class representative and the proposed class be identical." *Id.* Rather, typicality merely requires that the claims of the class representatives and the class "arise from the same event or pattern or practice and are based on the same legal theory." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984); *see also Agan v. Katzman & Korr, P.A.*, 222 F.R.D. 692, 698 (S.D. Fla. 2004) (same). Thus, "[a] factual variation will not render a class representative's claim atypical unless the factual position of the representative markedly differs from that of other members of the class." *Kornberg*, 741 F.2d at 1337. In fact, "a strong similarity of legal theories will satisfy the typicality requirement despite substantial factual differences." *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 n.14 (11th Cir. 2000).

      Here, Plaintiffs comprise a group of Coast Guard members who have submitted requests for accommodation for their religious beliefs, been issued a determination of sincerity, and been denied. (*See, e.g.*, Doc. 198, ¶¶ 24–29.) And they all face separation for their religious objections. (*Id.*). Thus,

> [w]ith respect to the particular issue of the [Coast Guard's] failure to conduct the analysis required by RFRA, the named plaintiffs are typical: each has applied for a religious accommodation and has appealed or will

7

> appeal the denial of a religious accommodation, and each has received or is likely to imminently receive, a denial.

*Col. Fin. Mgmt. Officer*, 2022 WL 3643512, at *12. Plaintiffs satisfy the typicality requirement of Rule 23(a).

### D. Named Plaintiffs Satisfy Adequacy of Representation of the Proposed Class.

#### 1. Named Plaintiffs have no substantial conflict and will vigorously prosecute the action.

The adequacy of the representation is typically analyzed under two separate factors: (1) whether any substantial conflict of interest exists between the representative and the class, and (2) whether the representative will adequately prosecute the action. *See, e.g.*, *Sosna v. Iowa*, 419 U.S. 393, 403 (1975); *see also Herman v. Seaworld Parks & Entm't, Inc.*, 320 F.R.D. 271, 294 (M.D. Fla. 2017). Plaintiffs should be deemed adequate to represent the members of the class because there are no conflicts in the pursuit of their respective claims, and Plaintiffs have adequate "incentives to pursue the rights of the class vigorously." *Physicians Healthsource*, 2014 WL 7366255, at *6.

Plaintiffs' claims are identical to those of the putative class members whose requests for religious accommodation from the COVID-19 vaccine mandate have been denied. (*See* Doc. 198, ¶¶ 25–29, 90–97, 139–148.) Three of the named Plaintiffs, individually, are properly venued in this Court, having established their domiciles in Florida counties of the Tampa Division. (Doc. 198, ¶¶ 26–28.) Plaintiffs Lieutenant 2, Avionics Electrical Technician 1, and Marine Science Technician 3 have all received final denials of their religious accommodation appeal and await imminent and

inevitable separation or other retaliatory consequences for failing to accept COVID-19 vaccination. (Doc. 198, ¶¶ 26–28.) All other Proposed Class members face the same consequences. (Doc. 198, ¶¶ 139–148.) Thus, Plaintiffs include Coast Guard members who are properly venued in this Court and have ripe claims. (Doc. 40 at 30 (concluding "'ripeness' can occur *no later than* the moment the member must irreparably receive the injection or irreparably defy an order" (emphasis added)).)

There is no conflict between Plaintiffs and the putative class members because all class members are seeking the same relief—an injunction prohibiting their immediate discipline and removal from the Coast Guard for failure to accept a vaccine that violates their sincerely held religious beliefs. As this Court previously concluded, regarding the Marine Corps class, "[t]he plaintiffs lack a substantial conflict of interest with the rest of the class and the record shows the plaintiffs' ability and willingness to resolutely prosecute this action." *Col. Fin. Mgmt. Officer*, 2022 WL 3643512, at *13; *see also U.S. Navy SEALS 1–26 v. Austin*, No. 4:21-cv-1236-O, 2022 WL 1025144, at *8 (N.D. Tex. Mar. 28, 2022) ("The potential class members, then, are those who seek to remain in the Navy and refuse to compromise their religious beliefs (i.e., continue to forgo the vaccine). That group is intently interested in the relief the Named Plaintiffs seek, especially as the Navy begins to involuntarily separate unvaccinated sailors."). The same goes for Plaintiffs here—they seek the same relief from the same mandate to accept COVID-19 vaccination in violation of their similar sincerely held religious beliefs, and "nothing in the record suggest the inadequacy of any of the class

representatives to pursue the claim that unified the class," *Col. Fin. Mgmt. Officer*, 2022 WL 3643512, at *13. The Proposed Class should be certified.

### 2. Plaintiffs' counsel will adequately represent the class.

Under Rule 23, "[t]he adequacy of representation requirement includes not only the likelihood that the representative parties will adequately pursue the claims and interests of the class but also the adequacy of legal counsel representing the named plaintiffs." *Barlow v. Marion Cnty. Hosp. Dist.*, 88 F.R.D. 619, 628 (M.D. Fla. 1980). Plaintiffs' counsel will adequately represent the interests of the class.

> In assessing the adequacy of class counsel, courts "must consider (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class."

*Physicians Healthsource, Inc. v. Doctor Diabetic Supply, LLC*, No. 12-22330-CIV, 2014 WL 7366255, at *6 (S.D. Fla. Dec. 24, 2014) (quoting Fed. R. Civ. P. 23(g)). "Counsel will be deemed adequate if they are shown to be qualified, adequately financed, and possess sufficient experience in the subject matter of the class action." *City of St. Petersburg v. Total Containment, Inc.*, 265 F.R.D. 630, 651 (S.D. Fla. 2010). As this Court has similarly explained, class counsel provide adequate representation when they "'are qualified, experienced, and generally able to conduct the proposed litigation.'" *Spinelli v. Capital One Bank*, 265 F.R.D. 598, 602 (M.D. Fla. 2009) (quoting *Pop's Pancakes, Inc. v. NuCo2*, 251 F.R.D. 677, 683 (S.D. Fla. 2008)); *see also Griffin v. Carlin*, 755 F.2d 1516, 1533 (11th Cir. 1985) (same).

Plaintiffs' counsel in the instant action are the same counsel representing the certified class in *Colonel Financial Management Officer*, where the Court found them to be adequate representatives of the Marine Corps class. *Col. Fin. Mgmt. Officer*, 2022 WL 3643512, at *13. The Court found:

> The plaintiffs' lawyers—Mathew D. Staver, Roger K. Gannam, Daniel J. Schmid, Horatio G. Mihet, and Richard L. Mast, Jr.,—are able, experienced, and successful constitutional and civil rights litigators. Mihet declares (Doc. 35-1) that the lawyers' experience includes representing plaintiffs who allege violation of religious liberties, advocating for citizens who harbor a religious objection to the COVID-19 vaccine, and managing class and other complex litigation. As demonstrated by the record, the plaintiffs' lawyers have dedicated substantial resources to identifying and investigating claims on behalf of the class.

*Id.* Thus, Plaintiffs have counsel who will adequately represent the Proposed Class.

### III. PLAINTIFFS SATISFY THE REQUIREMENTS OF RULE 23(b).

As the Court appropriately noted,

> The traditional vehicle to vindicate the widespread deprivation of civil rights, including the deprivation of Free Exercise, Rule 23(b)(2) permits the maintenance of a class action "if . . . the party opposing the class has acted or refused to act on grounds applying throughout the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

*Col. Fin. Mgmt. Officer*, 2022 WL 3643512, at *9. This is certainly true here. Indeed, as the Coast Guard already admits on the record "*most* Plaintiffs' requests for religious exemptions *and appeals* have been denied." (Doc. 202 at 17 (emphasis added); *see also* Doc. 198, ¶ 28 (noting the Coast Guard has informed "all commands" that they "must initiate separation for all unvaccinated Coast Guard servicemembers by August 24, 2022").)

11

    **A.    The Coast Guard's Refusal to Act Applies Generally to the Proposed Class Such That Final Injunctive Relief Is Appropriate to the Class as a Whole.**

Under Rule 23(b)(2), Plaintiffs can maintain a class action because the Coast Guard has "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The claims of the class are perfectly suited for Rule 23(b)(2) certification because that section "was intended primarily to facilitate civil rights class actions, where the class representatives typically sought broad injunctive relief against discriminatory practices." *Holmes v Continental Can Co.*, 706 F2d 1144, 1155 (11th Cir. 1983). As this Court recognizes, Rule 23(b)(2) "has been liberally applied in the area of civil rights," *Col. Fin. Mgmt. Officer*, 2022 WL 3643512, at \*9 (quoting *Bumgarner v. NCDOC*, 276 F.R.D. 452, 457 (E.D.N.C. 2011)), and it should be so applied here. Certification under Rule 23(b)(2) is appropriate where—as here—"the complaint alleges a pattern of activity adverse to the class as a whole" and "[t]he nature of the relief sought is primarily declaratory and injunctive." *Barlow v. Marian Cnty. Hosp. Dist.*, 88 F.R.D. 619, 628 (M.D. Fla. 1980).

    Here,

> [P]laintiffs contend that the record reveals in the [Coast Guard] a systemic failure—in violation of RFRA—to conduct an individualized assessment of each sincerely objecting [Coast Guardsman], to consider the suitability of a compromise accommodation, and to consider the feasibility of relaxing for each applicant the requirement of deployability. In other words, the plaintiffs challenge not the correctness of the legal or factual sufficiency of any particular denial but challenge both the common but allegedly deficient process on which the [Coast Guard] relies in denying the requests uniformly and *en masse* and the allegedly

inflexible, conclusory, vague, and overbroad rationalizations used by the [Coast Guard] in uniformly refusing accommodation.

*Col. Fin. Mgmt. Officer*, 2022 WL 3643512, at *9.

Both the allegations of Plaintiffs' Complaint and the admissions of Defendants on the record show the appropriateness of Rule 23(b)(2) to the instant action. As Plaintiffs' show, "[w]hile there have been many requests, Defendants have granted a grand total of **0 religious exemptions**. The United States Coast Guard has received 1,309 requests for religious exemption and has denied every request—all of which after a determination of sincerity." (Doc. 198, ¶ 17.) Further, on July 25, 2022, the Coast Guard notified "all commands [that they] must initiate separation for all unvaccinated Coast Guard servicemembers by August 24, 2022." (Doc. 198, ¶ 25.) And the Coast Guard concedes that it has finally denied the appeals of Coast Guard servicemembers in the Proposed Class. (Doc. 202 at 17.) Simply put, "[b]ecause in this action the wrong in the aggregate suggests strongly and includes a wrong in the particular, the class is especially suitable for certification under Rule 23(b)(2)." *Col. Fin. Mgmt. Officer*, 2022 WL 3643512, at *10. The "wrong in the aggregate" demonstrates "the systemic deficiency under which the [Coast Guard's] religious accommodation procedure apparently labors." *Id.* That deficiency warrants certifying Plaintiffs' Proposed Class.

### B.   Plaintiffs' Common Questions of Law and Fact Predominate Over Questions Affecting Individual Coast Guard Servicemembers.

#### 1.   Common questions predominate.

"To obtain Rule 23(b)(3) class certification, the issues in the class action that are subject to generalized proof and thus applicable to the class as a whole must

predominate over those issues that are subject only to individualized proof." *Palm Beach Golf Center-Boca, Inc. v. Sarris*, 311 F.R.D. 688, 699 (S.D. Fla. 2015) (cleaned up) (quoting *Babineau v. Fed. Ex. Corp.*, 576 F.3d 1183, 1191 (11th Cir. 2009)).

The common issues among the class members (Doc. 198, ¶¶ 139–148) are subject to generalized proof under the First Amendment and the Religious Freedom Restoration Act, and predominate over any individual issues of class members. (Doc. 198, ¶¶ 176–216). Resolution of the class claims principally requires an inquiry into whether the Coast Guard's religious accommodation process is applied "to the person" or across the board, and whether the Coast Guard's blanket denial of all religious accommodations is justified by a compelling interest served by the least restrictive means. *See, e.g.*, *Col. Fin. Mgmt. Officer*, 2022 WL 3643512, at *10 (noting that Plaintiffs "contend persuasively (on the present record) that the denial of each of the thousands of requests for religious accommodation confirms that the [Coast Guard] is subject to a systemic deficiency manifesting the organized disregard of RFRA.") Answering that inquiry requires Defendants to prove the Mandate satisfies strict scrutiny, which is not an individualized inquiry for any class member. Rather, the proof required of the Defendants necessarily applies to the class as a whole. Indeed, "[i]f the wrong of the defendant comes into focus only when one looks at the situation in the aggregate, then it would seem odd for the procedural mode of the litigation to take anything other than a commensurately aggregate form." *Id.* (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. Rev. 97, 124

(2009)). Thus, the common claims of the class will be resolved by generalized proof, and predominate over any individual claims.

### 2. Class action relief is superior to individual adjudication.

The superiority inquiry is focused on "the relative advantages of a class action suit over whatever other forms of litigation might be realistically available to the plaintiffs." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1183–84 (11th Cir. 2010). Where, as here, "Defendants' conduct was essentially the same toward all class members . . . it would be highly inefficient for each plaintiff to have to prove the same facts." *Physicians Healthsource*, 2014 WL 7366255, at *9. And, "the predominance analysis has a tremendous impact" on Rule 23(b)(3) analysis because "the more common issues predominate over individual issues, the more desirable a class action lawsuit will be as a vehicle for adjudicating the plaintiffs' claims." *Sacred Heart*, 601 F.3d at 1184.

Here, there is no question that the certifying the Proposed Class is superior to adjudicating individual Coast Guard claims. The verified allegations of Coast Guard servicemembers in this action demonstrate the conduct of the Coast Guard is the same towards all class members. (*See* Doc. 198, ¶ 17 ("The United States Coast Guard has received 1,309 requests for religious exemption and has denied every request—all of which after a determination of sincerity."); Doc. 198, ¶ 25 (noting that on July 25, 2022, the Coast Guard notified "all commands [that they] must initiate separation for all unvaccinated Coast Guard servicemembers by August 24, 2022.").) And, the Coast

15

Guard concedes that it has finally denied the appeals of Coast Guard servicemembers in the Proposed Class. (Doc. 202 at 17.) Thus,

> The specific issue that unifies the class is the organized, purposeful, and systemic failure to resolve the requests for a religious accommodation in accord with the burden imposed by RFRA. A favorable outcome on the "particular issue," common among, and typical of, the class resolves not an ancillary or academic aspect of the class members' claim against the [Coast Guard] but resolves a central issue—whether the [Coast Guard] has systematically failed to discharge the burden of proof and other requirements under RFRA.

*Col. Fin. Mgmt. Officer*, 2022 WL 3643512, at *10. Class certification is unquestionably superior to individual adjudication of Plaintiffs' and the Proposed Class members' claims.

### IV. ALTERNATIVELY, THIS COURT SHOULD PROVISIONALLY CERTIFY THE CLASS FOR PURPOSES OF A PRELIMINARY INJUNCTION.

Absent full certification of Plaintiffs' Proposed Class, which is appropriate, Plaintiffs request provisional class certification for purposes of entering a classwide preliminary injunction to prohibit the Coast Guard from separating Plaintiffs and other Proposed Class members for refusing to accept COVID-19 vaccination in violation of their sincerely held religious beliefs.

It is within the Court's equity jurisdiction to certify a provisional class for purposes of Plaintiffs' contemporaneously filed preliminary injunction motion, while deferring consideration of the larger certification question for a later time. Indeed, numerous courts have demonstrated or affirmed the ability of district courts to provisionally certify a class for purposes of providing preliminary injunctive relief. *See,*

16

*e.g.*, *Meyer v. Portfolio Recovery Assoc., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (holding that district courts are permitted to certify a provisional class for purposes of a preliminary injunction); *Thomas v. Johnston*, 557 F. Supp. 8799, 916 n.29 (W.D. Tex. 1983) ("It appears to be settled, however, that a district court may, in its discretion, award appropriate classwide injunctive relief prior to a formal ruling on the class certification issue based upon either a conditional certification of the class or its general equity powers."). Indeed, "there is nothing improper about a preliminary injunction preceding a ruling on class certification." *Mays v. Dart*, 453 F. Supp. 3d 1074, 1085 (N.D. Ill. 2020) (cleaned up).

Courts in the Eleventh Circuit, too, have granted provisional class certification in aid of preliminary relief. *See, e.g.*, *Tefel v. Reno*, 972 F. Supp. 608, 617 (S.D. Fla. 1997) (certifying provisional class where—as here—the plaintiffs sought to enjoin "constitutional violations" that resulted in irreparable injury); *Harris v. Graddick*, 593 F. Supp. 128 (M.D. Ala. 1984) (certifying class at same time as issuing preliminary injunction); *Keeler v. Hills*, 73 F.R.D. 10 (N.D. Ga. 1976) (provisionally certifying class). Because of the irreparable harm Proposed Class members face, the Court should—at minimum—certify a provisional class for purposes of granting classwide preliminary injunctive relief, and until a final determination on class certification can be made by the Court.

## CONCLUSION

Certifying Plaintiffs' Proposed Class is warranted, and the Court should grant this motion. Indeed, "[t]he singular characteristics of the plaintiff class in this action,

17

the singular nature of the defendants in this action, the singular statute at issue in this action, the singular breadth of the statutory remedy prescribed, and the singular public interest" at issue in this case counsel in favor of classwide resolution of Plaintiffs' claims. *See Col. Fin. Mgmt. Officer*, 2022 WL 3643512, at *19. As was true of the Marine Corps plaintiffs, Plaintiffs' Proposed Class "claims that the [Coast Guard] . . . systematically and uniformly denied and will deny imminently several thousand of, in fact, each and every one of, the applications for a RFRA accommodation from the COVID-19 vaccination requirement." *Id.* Such a contention, which the Coast Guard readily admits is true in this action (Doc. 202 at 17), is capable of appropriate resolution only by class certification and classwide relief. Plaintiffs' Motion should be granted and the Proposed Class certified.

                              Respectfully submitted,

                              s/ Daniel J. Schmid
                              Mathew D. Staver
                              Horatio G. Mihet
                              Roger K. Gannam
                              Daniel J. Schmid*
                              Richard L. Mast*
                              Liberty Counsel
                              P.O. Box 540774
                              Orlando, FL 32854
                              (407) 875-1776
                              court@lc.org
                              hmihet@lc.org
                              rgannam@lc.org
                              dschmid@lc.org
                              rmast@lc.org
                              *Admitted specially
                              **Attorneys for Plaintiffs**