UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PILOT, et al.,

    Plaintiffs,

v.                                       CASE NO. 8:22-cv-1278-SDM-TGW

LLOYD AUSTIN, et al.,

    Defendants.
_____/

**ORDER**

On August 24, 2021, the Secretary of the Department of Defense issued the COVID-19 vaccination mandate. Although 14 U.S.C. § 3(a) generally situates the Coast Guard under the Department of Homeland Security, not the Department of Defense, the Coast Guard nonetheless implemented the Secretary's COVID-19 vaccination mandate. (Doc. 23-24 at 2–3) On October 15, 2021, service members in each branch of the Armed Forces, including the Coast Guard, sued (Doc. 1) to enjoin the mandate. On June 2, 2022, an order (Doc. 194) severed the plaintiffs by branch of service (Army, Navy, Marine Corps, Air Force, and Coast Guard). Because no Coast Guard plaintiff resided in the Middle District of Florida, a July 5, 2022 order (Doc. 195) dismissed this action without prejudice. The plaintiffs amended the complaint to include Coast Guard members residing in this district, and an August 2, 2022 order (Doc. 197) vacates the dismissal.

On December 8, 2022, the United States House of Representatives passed the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023 (2023 NDAA), H.R. 7776. Titled "Rescission of COVID-19 Vaccination Mandate," Section 525 of the 2023 NDAA states, "Not later than 30 days after the date of the enactment of this Act, the Secretary of Defense shall rescind the mandate that members of the Armed Forces be vaccinated against COVID-19 pursuant to the memorandum dated August 24, 2021[.]" On December 15, 2022, the Senate passed the 2023 NDAA. On December 23, 2022, President Biden signed the 2023 NDAA into law. And on January 10, 2023, the Secretary rescinded the COVID-19 vaccination mandate. (Doc. 215-1 at 2) "On January 11, 2023, in alignment with the Department of Defense, the Coast Guard issued ALCOAST [012/23], which cancels the [ALCOAST messages implementing the vaccination mandate] and stops all involuntary administrative separations as a result of" a Coast Guard member's failure to receive COVID-19 vaccination. (Doc. 215 at 1–2 and Doc. 215-2)

In the parallel Navy action and Marine Corps action — *Navy Seal 1, et al. v. Austin, et al.*, Case No. 8:21-cv-2429-SDM-TGW, and *Colonel Financial Management Officer, et al. v. Austin, et al.*, Case No. 8:22-cv-1275-SDM-TGW — the defendants argue that the Secretary's rescission of the mandate moots the action and move to stay (Doc. 256) and dismiss (Doc. 275) the action. An order (Doc. 277) in the Marine Corps action notes that the rescission of the COVID-19 vaccination mandate might moot "some, most, or all" of the issues presented by the plaintiffs. Accordingly, the order temporarily stays the action pending resolution of mootness.

In this action, the defendants file (Doc. 215) a "Notice" of the Coast Guard's rescission of the vaccination mandate, but no other docket activity occurs (or has occurred since December 14, 2022). Although the Coast Guard's unique position within the United States' Armed Forces might result in subtle distinctions between this action and the Navy or Marine Corps action, the Coast Guard's rescission of the vaccination mandate "in alignment with the Department of Defense" might moot "some, most, or all" of this action for the same reasons articulated in the Navy and Marine Corps actions. Accordingly, this action is **TEMPORARILY STAYED** pending resolution of mootness in the Navy and Marine Corps actions. The pending motions (Docs. 202, 204, 205) are **DEFERRED**.

ORDERED in Tampa, Florida, on January 27, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE