## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

PILOT, United States Coast Guard, *et al.*, for themselves and all others similarly situated,

     Plaintiffs,

v.

LLOYD AUSTIN, in his official capacity as Secretary of the United States Department of Defense, *et al.*,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 8:22-cv-1278-SDM-TGW

## PLAINTIFFS' MEMORANDUM ON MOOTNESS

In accordance with the Court's Order (Doc. 218), Plaintiffs hereby respond with the following memorandum submitting that, under the Court's prior orders in *Navy Seal 1, et al. v. Lloyd Austin, et al.*, No. 8:21-cv-2429 (Doc. 206), and *Colonel Financial Management Officer, et al. v. Lloyd Austin, et al.*, No. 8:22-cv-1275 (Doc. 295), and in accordance with the Court's prior reasoning and conclusions in the Indicative Ruling on Mootness in *Navy Seal 1, et al. v. Lloyd Austin, et al.*, No. 8:21-cv-2429 (Doc. 203), and *Colonel Financial Management Officer, et al. v. Lloyd Austin, et al.*, No. 8:22-cv-1275 (Doc. 291), the instant action is likewise moot. In support thereof, Plaintiffs show unto the Court as follows:

1. In *Colonel Financial Management Officer*, Plaintiffs submitted to the Court several reasons why Plaintiffs' challenge to the COVID-19 vaccination requirement

was not moot, based largely on the voluntary cessation and capable of repetition yet evading review exceptions to mootness. (No. 8:22-cv-1275, Doc. 281.)

2.      For the reasons articulated in *Colonel Financial Management Officer* (No. 8:22-cv-2429, Doc. 281 at 3-17), Plaintiffs maintain that the Coast Guard's rescission of the COVID-19 vaccination requirement (*see* Doc. 215-2) for Plaintiffs and other Coast Guard members remains subject to such exceptions, but nevertheless concede that this Court has already received, reviewed, and adjudicated such contentions and held that the *Navy Seal 1* and *Colonel Financial Management Officer* matters were moot. (No. 8:21-cv-1275, Doc. 203; No. 8:22-cv-2429, Doc. 291.)

3.      In its Indicative Ruling, the Court held that the recission of the mandate was unambiguous and "has rendered superfluous the plaintiffs' request for re-commitment for a second determination" of their religious accommodation requests from the COVID-19 vaccine requirement. (No. 8:22-cv-2429, Doc. 291 at 5.)

4.      Despite Plaintiffs' contentions that certain mootness exceptions are present and applicable here, Plaintiffs nevertheless respectfully recognize this Court's prior determinations concerning these contentions and submit that, for the reasons already articulated by the Court in the related actions, relitigating those contentions is unlikely to yield different results.

5.      Therefore, Plaintiffs submit that—for the reasons already articulated by the Court in *Navy Seal 1* and *Colonel Financial Management Officer*—the instant action is likewise moot.

Respectfully submitted,

/s/ Daniel J. Schmid
Mathew D. Staver
Horatio G. Mihet
Roger K. Gannam
Daniel J. Schmid*
Richard L. Mast*
Liberty Counsel
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
court@lc.org
hmihet@lc.org
rgannam@lc.org
dschmid@lc.org
rmast@lc.org
*Admitted specially
***Attorneys for Plaintiffs***